(8 App. Div. 294)　　　　In re BROOK AVE.

(Supreme Court, Appellate Division, First Department. July 31, 1896.)

1. STREET ASSESSMENTS—AMOUNT OF AWARD—REVIEW.
　　The amount to be awarded for land taken is within the exclusive control of the commissioners, and they should not be interfered with, where there is nothing to impair the fairness of the award.

2. SAME—POWER OF COMMISSIONERS.
　　The authority given to the commissioners by Laws 1893, cc. 267, 660, to fix the assessment area, will not be interfered with unless they abuse their discretion or are palpably wrong.

Appeal from special term, New York county.

Application by the board of street opening and improvement, for and on behalf of the mayor, aldermen, and commonalty of the city of New York, relative to acquiring title to Brook avenue from East 155th street and Webster avenue to Wendover avenue, in the Twenty-Third and Twenty-Fourth wards of the city of New York. From an order affirming the report of the commissioners of estimate and assessment, the New York & Harlem Railroad Company, the Farmers' Loan & Trust Company, and William H. Morris appeal. Affirmed.

Argued before BARRETT, RUMSEY, PATTERSON, and DI-GRAHAM, JJ.

Truman H. Baldwin, for appellants.
John P. Dunn, for respondent.

PER CURIAM. This is an appeal from an order of the court, at special term, confirming the report of commissioners appointed in the above-entitled matter. Certain objections were filed by William H. Morris, the New York & Harlem Railroad Company, and the Farmers' Loan & Trust Company, executors and trustees under the will of Charles K. Beck, deceased. Conspicuous among these objections is one relating to the alleged insufficiency of the compensation awarded to each of the objectors for the damage sustained by them in consequence of the improvement; but we do not find that there is anything to impair the fairness or the honesty of the award made in this record, and it has been so frequently determined that the question of amount of compensation is so clearly within the exclusive control of the commissioners, and that the court will not interfere with their honest judgment upon that subject, that it is somewhat surprising that the question is constantly brought up, notwithstanding the fact that it has been so long and so thoroughly settled. In re William and Anthony Streets, 19 Wend. 694; In re Broadway Widening, 63 Barb. 575; In re Boston Road, 27 Hun, 409; In re Wendover Ave. (Sup.) 20 N. Y. Supp. 563. The attempt made in this case to impugn the fairness of the action of the commissioners is altogether futile, and without any reasonable ground to sustain it. We are to consider only such objections, therefore, as are urged in connection with the principle upon which the awards were made, and to ascertain whether there has

been any violation of the law, whereby the rights of either of these appellants have been impaired. The three sets of objections, upon being analyzed, may be grouped as follows: (1) That the area over which the assessment has been extended by the commissioners largely exceeds the area of the property actually benefited by the improvement; (2) that, as to some of the land of the appellants, the assessment for benefit has been much augmented, in consequence of certain other lands within the area of the assessment being assessed at only 50 per cent. of the value of such other lands, as ascertained and fixed by the tax commissioners; (3) that some of the lands of the appellants have been assessed at more than one-half of their value, as such value has been ascertained and fixed by the commissioners of taxes of the city of New York. These are objections which apply to the principle upon which the commissioners in this proceeding acted, and are therefore properly before the court.

Concerning the first objection, as those objections are grouped, it is evident that the commissioners acted in accordance with the provisions of the Acts of 1893 (chapter 267 and chapter 660), amending the consolidation act. By the second section of chapter 267 of the Laws of 1893, section 958 of the consolidation act was amended so as to provide, with reference to certain improvements, "that the said commissioners of estimate and assessment who may be appointed as herein provided, shall not be limited as to the area of assessment by any of the provisions of the act hereby amended, but may assess for such opening all parties and persons, lands and tenements, as they may deem to be benefitted by such improvement, to the extent which said commissioners of estimate and assessment [being] such parties, persons, lands and tenements benefitted thereby." The word "being" is evidently a clerical error, and the word "deem" is meant. By the fifth section of chapter 660 of the Laws of 1893, section 970 of the consolidation act is amended so as to provide that, in making the estimate of damage and benefit, the commissioners should not be circumscribed within any definite limits, "but they shall and hereby are authorized to extend such estimate and assessment to any and all such lands, tenements and hereditaments and premises as they may deem to be benefitted by the operation." Authority was therefore given by the law to these commissioners to fix the area of the assessment, and unless it is shown clearly that there is some abuse of their discretion, or that they are palpably wrong, or there is a manifest error, the court should not interfere. It seems there were 60 parcels of land included within the area of assessment that could not be assessed, under the provisions of the law, at more than one-half of the value fixed by the tax commissioners.

Concerning the second objection, it is claimed that the assessment upon the appellants' lands has been increased by so much of the total amount of assessments as the commissioners in this proceeding were unable to charge upon these 60 pieces by reason of the limitation referred to. It is not made to appear distinctly that the appellants' lots have borne a part of this burden, but we as-

sume that that must necessarily have been the case. The objection now under consideration was distinctly raised and passed upon in Re Wendover Ave. (Sup.) 20 N. Y. Supp. 563; and we are not able to see in this case that the commissioners have increased the assessment beyond the amount of benefit received by the appellants' lands as the result of the improvement.

As to the third objection: This objection involves considerations of fact. It is said that the assessment on blocks 2,392 and 2,394 exceeds one-half of the tax valuation of the Brook avenue halves of those blocks, and the benefit to the Webster avenue halves thereof, and should be vacated or reduced. We have looked into the record and the evidence before the commissioners sufficiently to enable us to say that we cannot declare that they were clearly in error respecting their conclusions on this subject. It is for the objectors to show that they have been assessed more than one-half the value of their lands as fixed by the tax commissioners; and taking into consideration all the elements of fact involved, and as they are discussed in the briefs of counsel on both sides, we are unable to say that either with reference to the property of the Beck estate, or of the New York & Harlem Railroad, or of Mr. Morris, the commissioners have violated the section of the statute relating to this subject.

The order confirming the report of the commissioners is affirmed, with costs.

Argued before BARRETT, RUMSEY, PATTERSON, and INGRAHAM, JJ.