(29 Misc. Rep. 519.)

### In re THE SPEEDWAY.

(Supreme Court, Special Term, New York County. November, 1899.)

EMINENT DOMAIN—APPRAISAL OF LAND—COMMISSIONERS' REPORT.

Where there is evidence to sustain the report of commissioners appointed to appraise land for public purposes, and it appears that they acted honestly, viewed the property, and carefully considered all the evidence produced by the parties, the report will not be set aside on the ground that certain experts, testifying to the value of the land, proceeded on an erroneous basis of valuation.

Proceeding by the city of New York to condemn property for a speedway. Motion to confirm report of commissioners to appraise land. Granted.

John Whalen, Corp. Counsel, for the motion.
Clark Bell, opposed.

GILDERSLEEVE, J. Several property owners object to the confirmation of the report of the commissioners appointed to appraise land taken for an addition to the public drive, commonly known as the "Speedway." They desire to have the report sent back for revision by the commissioners, on the ground that their award is too low, and that they erred in receiving the testimony of the city's two experts, for the reason that these experts gave an incorrect basis of value, and were not shown to be sufficiently acquainted with the course of values in the locality in question. The experts for the property owners gave estimates of value far exceeding those of the two experts for the city, although the experts for the property owners differed considerably among themselves. The commissioners gave awards largely in excess of the estimates of the city's experts, but lower than the values given by the experts of the property owners. The principle has been clearly laid down by the presiding justice of this department, in Stevens v. Railroad Co. (Super. N. Y.) 8 N. Y. Supp. 707, in the following language, viz.:

"The rule is well settled that commissioners appointed to appraise land * * * are not to be governed in the receipt of evidence by the strict rules obtaining in a court. * * * They may go and view the premises, and upon the knowledge thus acquired base their award. * * * They are not

supposed to know the rules of evidence, and unless they have pursued a course which has plainly been detrimental to the interests of the party appealing, and their award is manifestly unjust, it will not be interfered with. * * * They are not * * * to be governed exclusively by the evidence produced before them, but may, as has already been said, base their judgments upon conclusions formed upon a personal inspection of the premises. * * * They have a wider range and a larger discretion in the receipt of evidence than courts."

Again, in Re Brook Ave., 8 App. Div. 294, 40 N. Y. Supp. 949, the court say that it will not interfere with the honest judgment of the commissioners upon the question of values. Applying this doctrine to the case at bar, I am not warranted in sustaining objections that rest upon the alleged assumption by certain witnesses of an erroneous basis for their opinions. Much space is given in the brief of the learned counsel for the objectors in an effort to show that the witnesses Berrian and Smith assumed an erroneous basis as the foundation of their opinions. It is clear that the evidence of these witnesses was not controlling; and if it can be said that they, in their opinions, proceeded upon a false basis, it does not follow that the commissioners adopted an erroneous basis in reaching their conclusions. The claims for damages, by reason of the alleged deprivation of the right of access to the Harlem river, seem to have been determined adversely to the property owners in the prior proceeding herein, taken by the city, in which the same commissioners acted, and in which the report was confirmed by Mr. Justice Smyth on July 19, 1898. This court must not refuse confirmation, for the reason that, upon the testimony adduced, it would have granted a more liberal award. Where there is some evidence to sustain the conclusion of the commissioners, the court will not interfere with their honest judgment. I cannot say that the commissioners proceeded upon an erroneous theory. The best evidence attainable seems to have been produced. It was not possible, it appears, to place before the commissioners evidence of actual transactions in property similarly situated, and, everything considered, the task of determining the fair market value was an intricate one. The commissioners made personal observation of the property, and evidently gave careful consideration to all the evidence produced, and made up their minds honestly as to the fair market value of the property. The motion to confirm the report herein is granted, without costs.

Motion granted, without costs.