(33 Misc. Rep. 648.)

In re CERTAIN LANDS IN TWELFTH WARD OF CITY OF NEW YORK.

(Supreme Court, Special Term, New York County. January, 1901.)

1. EMINENT DOMAIN—BRIDGES—COMMISSIONERS OF ESTIMATE AND APPORTIONMENT—REPORT—CONFIRMATION.

Where commissioners of estimate and apportionment appointed in a proceeding to acquire title to land for construction of an approach to a bridge were men of experience in real-estate transactions, and familiar with property in the vicinity of the lands condemned, and there was no

showing of fraud or abuse of discretion or error on their part, their report will be confirmed.

**2. SAME—PERSONAL VIEW—EFFECT.**

It was proper for the commissioners themselves, in determining the damages, to act on information derived from a personal view of the premises condemned, since it is their province to acquire the necessary knowledge to enable them to intelligently make a just and equitable apportionment of damages.

**8. SAME—ABSTRACT OF ESTIMATE—OBJECTIONS—HEARING.**

Where the commissioners of estimate and apportionment filed their abstract of estimate and assessment as required by law, and gave notice thereof, and of the time and place of hearing objections thereto, it was not error for them at such hearing to refuse to permit landowners to introduce further testimony as to the value of their property; the hearing being merely on objections, and not a retrial on the merits.

Proceeding by the city of New York to acquire title to lands for the construction of the South Third avenue approach to a bridge over the Harlem river at Third avenue. Motion for confirmation of the report of commissioners of estimate and apportionment. Report confirmed.

John Whalen, Corp. Counsel (Chas. D. Elendorf, of counsel), for the City.

Mulqueen & Mulqueen, Thomas S. Bassford, Gumbleton & Hottenroth, and Rufus L. Scott, for landowners.

FREEDMAN, J. This motion is made for an order confirming the report of the commissioners of estimate and apportionment appointed in the above-entitled proceeding. This proceeding had for its object the acquisition of title by the city of New York to certain lands on the easterly side of 3d avenue, extending from 128th street to 130th street, and was instituted under the provisions of chapter 413 of the Laws of 1892, as amended by chapter 716 of the Laws of 1896. The commissioners appointed herein took their oaths of office and the same were filed on the 12th day of November, 1897, and the title to the lands thus sought vested in the city on that day. Thereafter the commissioners published the notice prescribed by law, requiring all parties interested in the real estate to be taken for the purposes of the intended improvement, or affected thereby, and having any claim or demand on account thereof, to present the same, etc. And the persons so notified did appear, and hearings were had and testimony taken, until all the owners and the city had been heard and had introduced such evidence as they desired. The commissioners took over 1,800 pages of testimony, extending over a period from January, 1898, until May, 1900. No limit was placed upon the number of witnesses to be called, either by the landowners or by the city, and both sides had ample opportunity to call as many witnesses as they chose. In addition to taking this voluminous testimony, the commissioners themselves carefully examined the property under condemnation, for the purpose of ascertaining its true value. I have read the briefs of counsel for the landowners submitted to me on this motion, and the testimony referred to by them as tending to sustain their request that this proceeding be returned to the com-

missioners for further hearing. Much criticism has been made as to the competency of, and the reliability to be placed upon, the testimony of the expert witnesses given before the commissioners upon the question of the value of the several parcels of land and the value of the leases involved herein, each side claiming that its witnesses are entitled to and should be given more credit than those of the other side, and there is a wide difference of opinion as to such value between the witnesses sworn; and it is evident, from the amount of the awards given by the commissioners, that they have not based their opinion of the damages awarded solely upon the testimony of the witnesses offered by either side, but upon their own judgment as to the value of the property condemned, and that such judgment is a fair and just estimate, and is an apparent medium between the excessive value placed thereon by the experts of the landowners and the inadequate values of the witnesses for the city. That the commissioners had a right to act upon information derived in part from a personal view of the premises cannot be questioned. It is their province thus to acquire the necessary knowledge to enable them to intelligently make a just and equitable apportionment of damages, and their decision as to the amount thereof, founded upon that method, in part at least, may not outweigh or be overthrown by the opinion of other witnesses, in the absence of anything going to show misconduct or undue prejudice on their part.

After the taking of the testimony was concluded, the commissioners made and filed in the office of the bureau of street openings of the law department of the city of New York their abstract of estimate and assessment, as required by law, and gave notice of such filing, and also gave notice of the time when and place where they would meet for the purpose of hearing any persons who might file objections thereto. On the day fixed for the hearing upon such objections, two attorneys for certain landowners appeared and asked leave to introduce further testimony as to the value of the property represented by them. This request was refused by the commissioners, and it is now claimed that this refusal was error, that those landowners were deprived of a right to be heard further upon the merits of the controversy, and that for that reason the report of the commissioners should be denied confirmation. I fail to see the legality of this position, and I can find nothing in the act relative to the opening of streets, which act governs these proceedings, that requires the commissioners to take additional expert or opinion evidence at the time fixed by them for the hearing of objections filed against their abstract of estimate. That they may do so is conceded by the city, but it seems to be purely within their discretionary powers either to take or refuse to take further testimony, and, in the absence of proof tending to show any abuse of such powers, the court should not intervene. The consolidation act requires the commissioners to file their abstract of estimate, and publish a notice thereof, and of the time and place where any one interested may file objections thereto, and of the time when and place where they will hear such objections. That contemplates merely a hearing upon the objections, not a retrial upon the merits. If, upon such hearing, errors are

pointed out requiring further testimony, or if additional evidence should be deemed essential by the commissioners, to enable them to determine the true value of the property sought to be condemned, they undoubtedly have the right to order further hearings, and the taking of more testimony. If it had been made to appear to the court that the commissioners had been guilty of an abuse of their discretion in that regard, the report might be sent back for further consideration of the questions involved, but I have been unable to discover any such injurious action on their part; neither has it been made to appear that there has been any fraud or irregularity, or any erroneous principle adopted in arriving at their determination, or that the awards are grossly inadequate or excessive. No grounds have, therefore, been shown for interference by this court. In re Brook Ave., 8 App. Div. 294, 40 N. Y. Supp. 949; In re Boston Road, 27 Hun, 409; In re Central Park Com'rs, 51 Barb. 277.

As before stated, the hearings covered a period of over two years, and no limit was placed upon the number or character of the witnesses to be called. Moreover, the commissioners (one learned in the law), it is undisputed, are all men of large experience in real-estate transactions, great familiarity with property in the vicinity of the lands condemned, of unbiased mind, disinterested, of known integrity, and are entitled to respect and confidence. It is apparent that a new hearing would simply result in the introduction of more testimony from expert witnesses, whose opinions would continue to show a wide divergence, and the awards made would then, as now, necessarily depend equally as much upon the personal judgment of the commissioners as upon such testimony, and all parties would be put to needless and unnecessary expense, without compensating results. For the reasons stated, the report of the commissioners must be confirmed.

Report of commissioners confirmed.