(34 Misc. Rep. 592.)

### In re EAST ONE HUNDRED AND EIGHTY-SECOND ST.

(Supreme Court, Special Term, New York County.    April, 1901.)

MUNICIPAL CORPORATIONS—OPENING STREETS—AWARDS.

The award of commissioners of estimate and assessments on the opening of a street will not be disturbed, unless they have been guilty of an error in law, or a clear abuse of discretion.

In the matter of the opening of East 182d street.    Motion to confirm report of commissioners granted.

J. P. Dunn, for the motion.
Ernest Hall, opposed.

GILDERSLEEVE, J.    The motion is to confirm the report of commissioners of estimate and assessments in the matter of the acquisition of title by the city to a portion of East 182d street.    Objection is made by the owners of benefits Nos. 64, 115, and 235, on account of the assessments levied on their parcels of land; and these owners desire that the report be sent back to the commissioners to reconsider and correct the assessments.    In these matters an assessment for benefit is founded on the increase in market value which the property receives from the improvement, and is based on the difference in the value of the property before the improvement and after the improvement.    The general rule is that the courts will not disturb the judgment of the commissioners, except for palpable error.    There should be an error in principle or clear abuse of discretion committed by the commissioners, to warrant a reversal of their judgment.    The counsel for the owner of benefit No. 235 makes his principal argument upon the difference in the assessments on No. 235 and No. 191; but the corporation counsel points out that No. 235 is a large plot of land, extending from Ryer avenue to Valentine avenue, having a direct frontage on the new street of 85 feet in width, and being separated for the length of 115 feet from the new street only by a small gore, running from nothing at one end to 13 feet at the widest part.    From Ryer avenue to Valentine avenue the street is an entirely new opening, and No. 235 derives from this improvement the benefit of obtaining practically direct easements of light, air, and access over an entirely new street.    No. 191, on the other hand, gained comparatively little by the improvement, as it already fronted on a street 50 feet in width.    This improvement increases the width to 60 feet, so that the gain to No. 191 is merely an increase in the width of the street of 10 feet, which is much less than the gain to No. 235.    It is therefore proper that the assessment on No. 235 should be proportionately greater than the assessment on No. 191.    So far as the objections of the owners of Nos. 64 and 115 are concerned, the claim is that the lots, having a frontage on the proposed street, have borne more than their fair share of the cost of the proceeding.    These lots, however, have been much the greater gainers by the improvement in question, and should bear the greater burden of the expense thereof.    Upon the whole case, I am not prepared to say that there has been such an error in principle or abuse of discretion committed by the commis-

sioners as to warrant the court in denying this motion to confirm the report. It certainly cannot be said that the commissioners have assessed the lands in question beyond the amount of benefit which they have received from the improvement; and, as I have already stated, the court will not interfere, except in the case of a clear abuse of discretion or of manifest error. In re Brook Ave., 8 App. Div. 294, 40 N. Y. Supp. 949.

Motion granted.