(35 Misc. Rep. 548.)

### In re ARMORY BOARD.

(Supreme Court, Special Term, New York County.   July, 1901.)

1. EMINENT DOMAIN—COMMISSIONERS OF ESTIMATE—REPORT.
> In computing the 10 days within which under Greater New York Charter (Laws 1897, c. 378) § 1440, objections must be filed after the first publication of the notice of the deposit of the report of commissioners of estimate of the city of New York, Sundays must be included.

2. SAME—PLOTTAGE.
> By the term "plottage," used in determining the value of condemned lands, is meant the added value which an entire plot has as against the aggregate value of the several lots.

3. SAME—ESTIMATING VALUE.
> In determining plottage in estimating the value of land to be taken, the fact that existing improvements may have to be destroyed in order that the present owner may improve the land, so as to adapt it to a new use, cannot be considered.

4. SAME—AWARD—REVIEW.
> The amount of an award by commissioners of estimate for damages for land taken will not be reviewed, unless grossly inadequate or excessive.

5. SAME—TITLE IN DOUBT.
> Where title to a lot condemned is in doubt, the commissioners may award it to unknown owners.

In the matter of the application of the armory board relative to acquiring title in the city of New York to certain lands. Objections filed to report of commissioners. Proceedings remitted to commissioners.

John Whalen, Corp. Counsel (Charles D. Olendorf, of counsel), for the motion.

Bookstaver & Norton, John C. Shaw, and Putney, Twombly & Putney (H. W. Bookstaver and Henry B. Twombly, of counsel), opposed.

BLANCHARD, J. Numerous objections are made by a number of the property owners whose property is affected by the report of the commissioners, all of which have been given consideration. The regularity of these proceedings is attacked because it is claimed that in the notice published pursuant to section 1440 of the Greater New York charter the requisite time for the filing of objections was not allowed. This objection is, in my opinion, not well taken. The law requires publication of notice of the deposit of the report of the commissioners "for ten days, Sundays and holidays excluded," and provides for the filing of objections to the report "within ten days after the first publication." The first publication occurred June 12th, and continued daily to and including the 22d of June, with the exception of June 16th, which was Sunday. It is claimed that objections could have been filed until June 24th, and that the hearing on the objections, which was set for the 24th, should have been fixed at a subsequent date, because objections could have been filed at any time on that date, and the time of hearing should have been subsequent to the last day of the filing of objections. This contention is predicated upon the exclusion of Sundays in reckoning the "ten days after the first publication." I know of no authority for such a computation of time, unless it be expressly so provided by the statute. The statute, however, while it is particular to point out that Sundays should be excluded in the publication of the notice, does not so provide as to the filing of objections. It is to be presumed, therefore, that such was not the intention of the legislature.

I am of opinion, however, that the commissioners erred in not making allowance for what is termed "plottage." By that term is meant the added value which a plot has as against the aggregate value of the several lots which compose it. The commissioners, in their report, state they make no allowance for this, "because the most liberal allowance on that account which the testimony would warrant would be less than the value of improvements, which would necessarily have to be wholly destroyed before an increased value by reason of 'plottage' results." The increased value which accrues to the owner of several adjoining lots composing a plot of land inures to the land irrespective of the buildings thereon. While it may be true that the buildings may have to be destroyed in order that the landowner may avail himself of the plot by increasing its usefulness or appropriateness to the locality, I do not think this a

sufficient reason for eliminating this factor of the value of the land. If the value of the land is increased, the owner should be recompensed for this increase. The value of the buildings to be added to the value of the land is not necessarily affected thereby, for the reason that the value of the buildings, if destroyed, would be considered an element in the cost of the improvement, which would supersede the old structures on the land. I cannot see why the property owner should lose this element of increase in the value of the land simply because the existing structures may prove unsatisfactory to a new purpose to which the land may be put. The property owner should receive the market value of the entire tract which he owns, if that market value be in excess of the aggregate values of the individual lots. I cannot say that the commissioners have adopted any erroneous theories in fixing the awards, other than those pointed out. It may be, as the counsel for the property owners contend, that the commissioners have placed an extremely low valuation on the property. This, however, is a matter of opinion, of which they are the sole and exclusive judges, unless it is clearly apparent that the awards are either grossly inadequate or excessive. In re Brook Ave., 8 App. Div. 294, 40 N. Y. Supp. 949, and cases there cited. I cannot say that such is the case here, and, if the element of "plottage" is considered, the awards may approximate nearer the values claimed by the objecting property owners.

Relative to the award to unknown owners, I think the commissioners were amply justified in making the award in that form, where, as here, according to their explanation, they were in doubt on a question of the title to one of the lots. Greater New York Charter, § 1438; In re Fulton Ave. (Sup.) 72 N. Y. Supp. 37; In re Department of Public Works, 53 Hun, 280, 297, 6 N. Y. Supp. 750.

The proceedings should be remitted to the commissioners for the purpose of reconsidering the awards affected by the question of plottage, either upon the evidence heretofore taken or upon additional evidence, as they may deem advisable.

Proceedings remitted to commissioners.