---

### In re OPENING OF CROMWELL AVE.

(Supreme Court, Appellate Division, First Department. June 24, 1904.)

1. MUNICIPAL CORPORATIONS—OPENING OF STREETS—HEARING BEFORE COMMISSIONERS—RIGHTS OF OBJECTORS—CROSS-EXAMINATION OF WITNESSES.

New York City Charter (Laws 1897, p. 346, c. 378) § 979, authorizes the commissioners of estimate and assessment, in the matter of opening streets, to take testimony. Section 980 (page 347) provides that after taking testimony the commissioners shall ascertain the compensation which ought to be made by the city to the property owners entitled thereto, and prepare an abstract of their estimate and assessment. Section 981 (page 348) requires them to deposit in the bureau of street opening the abstract of their estimate before their report is presented to the court for confirmation, and to publish a notice giving persons interested in the proceedings an opportunity to file their objections, which shall be heard by the commissioners. Section 983 (page 349) empowers them to issue a subpœna requiring witnesses to testify on behalf of any objector, and section 984 provides for the making of any correction or alteration in their estimate after considering the objections. Held, that an objector to the preliminary abstract is entitled to produce evidence to sustain his objection, but is not, as a matter of right, entitled to further cross-examine witnesses who had testified on behalf of the city at the original hearing before the commissioners, and whom the objector had then cross-examined.

2. SAME—CONFIRMATION OF REPORT—REFERENCE TO COMMISSIONERS.

Under New York City Charter (Laws 1897, p. 347, c. 378) § 980, authorizing the court on the return of the report of the commissioners of estimate and assessment to confirm or refer the report as right and justice may require, it must appear, in order to entitle objectors to have the report referred to the commissioners, that the property owners have been deprived of a substantial right, or that it would be inequitable or unjust to confirm the report.

Appeal from Special Term, New York County.

In the matter of the opening of Cromwell avenue from 150th street to Jerome avenue. From an order confirming a report of the commissioners, certain objecting property owners appeal. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Truman H. Baldwin, for appellant.
John P. Dunn, for respondent.

INGRAHAM, J. But one question is presented upon this appeal, and that is whether the property owners were entitled to have the report of the commissioners set aside, and the case sent back to the commissioners to enable the property owners to cross-examine a witness called on behalf of the city who had testified as an expert to the value of the property taken in the proceeding: It appears that Charles A. Berrian was called by the city as an expert to appraise the value of the property taken; that he testified that the value of parcel No. 1, which belonged to the appellant, was $15,373.56. He

was cross-examined by counsel for the property owners, and was subsequently recalled and again cross-examined by counsel for the appellant. The testimony being closed, and all of the parties having submitted such testimony as they desired, the commissioners made their preliminary report on the 28th day of March, 1902, and on the 29th of March, 1902, and thereafter caused to be published in the City Record a notice that "said abstract of estimate and assessment had been so filed, and that the commissioners would receive objections thereto at their office on or before the 19th day of April, 1902, and would be in attendance at their office on the 23d day of April, 1902, for the purpose of hearing these objections." To this preliminary abstract of estimate and assessment the petitioner filed objections upon the ground that the awards were not a just compensation for the taking of the said lands. Upon a hearing before the commissioners upon these objections, Berrian, who had testified as an expert on behalf of the city on January 31, 1899, was, on May 1, 1902, subpœnaed by the appellant to appear before the commissioners; whereupon counsel for the appellant sought to examine the witness as to evidence that he had given in other proceedings in relation to other property in the locality. Such cross-examination was objected to by counsel for the city, and the objection was finally sustained. The commissioners then made their final report, which was opposed by counsel for the appellant upon the ground that he had not been permitted to cross-examine the expert for the city. The court overruled this objection, and confirmed the final report, from which the property owners appeal.

We may concede that these questions would have been proper when the witness was under cross-examination before the taking of testimony was closed, but we think that after both the city and the owners of the property had closed the evidence, and the commissioners had filed their preliminary estimate, the owners of property were not entitled, as a matter of right, to further cross-examine witnesses who had been examined and cross-examined before the preliminary estimate had been made.

By section 979 of the Charter of 1897 (chapter 378, p. 346, of the Laws of 1897) the commissioners of estimate and assessment were authorized to take testimony presented to them under oath. Section 980 provides that the commissioners, after hearing such testimony and considering such proof as may be offered, "shall, without unnecessary delay, ascertain, and estimate the compensation which ought justly to be made by the city of New York to the respective owners, lessees, parties and persons respectively entitled unto or interested in the lands, tenements, hereditaments and premises so required for the improvement; and make a just and equitable estimate and assessment also of the value of the benefit and advantage of such improvement to the respective owners, lessees, parties and persons respectively entitled unto or interested in the lands, tenements, hereditaments, and premises not required for the said improvement, and prepare an abstract of their estimate and assessment." By section 981 the commissioners were required to deposit in the bureau of street opening in the law department the abstract of their estimate and assessment

at least 30 days before their report should be presented to the court for confirmation, and state the several sums respectively estimated or assessed upon each of said parcels, with the name or names, claimant or claimants, so far as ascertained by said commissioners; and they shall also publish a notice for 15 days stating their intention to present their report for confirmation to the court at a time and place to be specified in said notice, and that all persons interested in such proceedings, or in any of the lands affected thereby, having objection thereto, shall file the same in writing, duly verified, with said commissioners, within 20 days after the first publication of said notice, and that the said commissioners will hear parties so objecting at a place and at a time after the expiration of said 20 days to be specified in the notice; that at the time and place named in said notice the commissioners shall hear the person or persons who have objected to the said abstract, and who may then and there appear, and shall have power to adjourn from time to time until all such persons shall be fully heard.   Section 983 provides that the commissioners shall have power to issue a subpœna requiring any witness to appear and testify on behalf of any party filing such an objection; and section 984 provides that after considering the objections, if any, and making any correction or alteration of their estimate or assessment, the said commissioners shall file their report, signed by them or a majority of them, in the office of the clerk of the county where the said lands are situated at least five days before the time mentioned in said notice for the presentation of said report to the court for confirmation, or the date to which the same shall have been duly adjourned.

The appellant, having objected to the preliminary abstract of the commissioners, was undoubtedly entitled to produce evidence to sustain the objection; but a further cross-examination of the witnesses who had testified on behalf of the city, and whose testimony had been completed, was in the discretion of the commissioners; and a refusal to allow such a further cross-examination was not a legal error which required the court to send the proceeding back to the commissioners.

While undoubtedly the court had power, under section 986 of the charter, to refuse to confirm the report where the confirmation would be inequitable and unjust, and where for any reason it should appear that any party to the proceeding should be entitled to a further hearing before the commissioners, to justify such action it must appear that the property owners had been deprived of a substantial right to which they were entitled, or that it would be inequitable or unjust to confirm the report.   In this case it appears that the appellant did not apply to the discretion of the commissioners to allow further cross-examination.   When the objection was made counsel for the appellant stated: "We are not appealing to the favor nor the discretion of the commissioners, but to absolute right under the objections filed. We can try this over again if we want to, and we are not asking a favor."   The questions asked the witness related to testimony that he had given before other commissioners in 1900, two years after he had been examined and cross-examined in this proceeding.   He was not asked to give his opinion as to the value of property when title

was taken by the city, but asked as to what he had testified to in another proceeding long after his former testimony had been given; a matter which was purely cross-examination, and not competent as original testimony. We think the appellant had no absolute right to a further cross-examination of the witness under his objections, and that he was deprived of no legal right by the commissioners.

It follows that the order appealed from was right, and it should be affirmed, with costs. All concur.