426, 28 N. E. 522, 13 L. R. A. 745; and Matter of Richmond, 63 App. Div. 488, 71 N. Y. Supp. 795. If he had no standing to appeal from that decree, he has no standing to move to open it. If he was not aggrieved by the decree so that he could appeal from it, he is not aggrieved by it in such a way as to permit him to move to open it and appeal from the order refusing so to do.

The decree was made on his motion through his attorneys. He did not show in his moving papers any mistake or fraud which violated his rights. On the motion to open he cannot say that some party who announces himself content with the decree was imposed upon or defrauded. It is only the party imposed upon or defrauded by a judgment or order of a court that can move to have the wrong set right. A party who has not suffered by imposition or fraud has no standing to champion a cause of some other party whom he imagines to have been injured, but who repudiates the charge and announces himself satisfied.

Whether, therefore, the court was imposed upon in making the allowances, or whether they were improperly made, is unimportant to the appellant; and his appeal should be dismissed.

---

(69 Misc. Rep. 381.)

In re GRAHAM AVE. IN CITY OF NEW YORK.

(Supreme Court, Special Term, Kings County. November, 1910.)

1. EMINENT DOMAIN (§ 235*)—VALUE OF PROPERTY TAKEN—NEW TRIAL.

Where commissioners of estimate and assessment have made a preliminary report of damages for property taken for street purposes, a property owner is not entitled as a matter of right to a new trial of the amount of his damages, on objections to such report; the commissioners being authorized, as a matter of discretion only, to hear further evidence if they desire.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 601; Dec. Dig. § 235.*]

2. EMINENT DOMAIN (§ 235*)—PROCEEDINGS—NEW TRIAL—ADDITIONAL EVIDENCE.

Where an owner whose property was taken for street purposes offered no evidence of value, relying on the report of the commissioners, as influenced by the evidence of other property owners, it was not an abuse of the commissioners' discretion to refuse, after having filed their preliminary report, to delay the proceedings to enable such property owner to introduce evidence of the amount of his damages, on objections to the report.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 601; Dec. Dig. § 235.*]

In the matter of proceedings to acquire title to Graham Avenue, from Jackson Avenue to Vernon Avenue, in the First Ward, Borough of Queens, City of New York. On application by a property owner to compel commissioners of estimate and assessment to hear testimony. Denied.

A. C. & F. W. Hottenroth, for the motion.
Archibald R. Watson, Corp. Counsel, opposed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

BLACKMAR, J. The question presented is whether a property owner, dissatisfied with the award made by the commissioners, and who has filed objections to the preliminary abstract of their report, has the right to introduce further evidence on the value of his property taken. In this case the property owner knew of the proceeding, attended and proved his title, but offered no evidence of the amount of his damages, evidently preferring to rely upon the report of the commissioners, as influenced by the evidence of other property owners, as the alternative to the further expense of procuring expert testimony. Being dissatisfied with the amount of the award, as shown by the preliminary abstract, he now for the first time seeks to introduce evidence as to the value of his property taken in the proceeding. The commissioners refused to receive the evidence, and an appeal is made to the court for an order compelling them to do so.

I find nothing in the law which provides that the commissioners can be compelled to retry an issue which they have already tried, and upon which they have rendered a decision upon due notice to the parties. Parties have the right to object, and the commissioners probably have power, in the exercise of their discretion, to take further evidence. It is possible that on the question of the assessment, upon which the property owner has not before been heard, he may have the right to introduce evidence; but I do not think that a property owner, as matter of right, can compel the commissioners to retry the issue as to the value of his property.

Neither do I find in this case that the commissioners have abused their discretion. The property owner undoubtedly thought that he could safely trust his interests with the commissioners, reasoning that the evidence introduced by other property owners and the necessity for uniformity of award would sufficiently protect his rights. He deliberately elected not to introduce evidence, and under these circumstances I do not think that the commissioners should be required to hold up this whole proceeding for the purpose of receiving evidence which the property owner had full opportunity to introduce at the proper time. If the Legislature had intended that any property owner who filed objections was entitled to a new trial, this intention would have found plain expression on the face of the statute. A property owner may file objections, he may have a hearing on these objections, and, in the discretion of the commissioners, he may introduce further evidence; but I think that this is all.

I decide that a property owner is not entitled, as matter of right, to a new trial on the amount of his damages upon an objection taken to the preliminary report, and that in this case the commissioners have not abused their discretion in refusing to receive his evidence. Matter of the City of New York, 33 Misc. Rep. 648, 68 N. Y. Supp. 965. I find nothing contrary to this view in the decision of the court in Matter of the Mayor, etc., 95 App. Div. 514, 88 N. Y. Supp. 947.

Motion denied, with costs.