## In re PUBLIC SERVICE COMMISSION, FIRST DIST.

## In re EAST FORTY-SECOND ST. IN CITY OF NEW YORK.

(Supreme Court, Special Term, New York County. November 9, 1915.)

1. EMINENT DOMAIN ⬿238—COMPENSATION—COMMISSIONERS OF APPRAISAL.—
   REPORT.
   The court will not interfere with the report of commissioners of appraisal, unless it appears that some erroneous principle has been adopted, or it is clearly shown that the awards are inadequate or excessive, or that the commissioners have been influenced by passion or prejudice.
   [Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 614, 619, 658–660, 666, 668, 669, 671, 673, 674, 687; Dec. Dig. ⬿238.]

⬿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. EMINENT DOMAIN ⬦134—COMPENSATION—ELEMENTS—VALUE OF LAND.
    One whose land is condemned for a public improvement is entitled to the true market value, but not to an increased price, due to the fact that the land is to be used for the public improvement.
    [Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 356; Dec. Dig. ⬦134.]

Application by the Public Service Commission for the First District of New York to condemn land on the north side of East Forty-Second Street, between First Avenue and Avenue A, in the Borough of Manhattan, for a rapid transit railroad.    On motion to confirm the report. Report confirmed.

Lamar Hardy, Corp. Counsel, of New York City, for petitioner.
Shearman & Sterling, of New York City, for New Amsterdam Gas Co.

NEWBURGER, J.   [1] It is well settled that the court will not interfere with the report of commissioners of appraisal unless it appears that some erroneous principle has been adopted, or it is clearly shown that the awards are either inadequate or excessive, or that the commissioners have been influenced by passion or prejudice.   Matter of Brooke Avenue, 8 App. Div. 294, 40 N. Y. Supp. 949; Man. Ry. v. Comstock, 74 App. Div. 341, 77 N. Y. Supp. 416; City of N. Y. v. Stillings, 138 App. Div. 168, 123 N. Y. Supp. 349.

[2] The contention of the claimant that the commissioners erred in excluding testimony to show the availability of his property for particular purposes is contrary to the well-settled rule in this state.   As was said in Matter of Simmons, 130 App. Div. at page 352, 114 N. Y. Supp. 571, affirmed 195 N. Y. 573, 88 N. E. 1132:

"It is unnecessary to cite and comment upon the various cases, decided in the courts of this and other states, upon the subject of damages in proceedings of this character. It is sufficient to say that the rule is well established in this state, by an unbroken line of authority, that the owner is to receive the full value of the land taken, not its value to the owner, or to the person or corporation seeking to acquire it, but the market value of the property, which means the fair value as between one who wants to purchase and one who wants to sell. The landowner is not limited in compensation to the condition which the property is in at the time or to the use which he makes of it, but is entitled to receive its market value for any purpose to which, in the judgment of the commissioners, it is adapted. He is, however, not entitled to be paid more merely because the land is peculiarly adapted to the use to which it is intended to be applied. The fact that the land will be used for a reservoir, rather than a farm or any other lawful business, forms no material out of which an award is to be made. Whether the land taken is to be used for a reservoir or a garden is a question, so far as the compensation is concerned, with which the commissioners have nothing to do. Their duty is to award compensation, for the taking of the land, and not for the use to which it will be applied when taken. Albany Northern R. R. v. Lansing, 16 Barb. 68; Matter of Daly, 72 App. Div. 394 [76 N. Y. Supp. 28]; Matter of East River Gas Co., 119 App. Div. 350 [104 N. Y. Supp. 239].   *   *   *   The owner is not entitled to swell the damages beyond the fair market value of the land at the time it is taken by any consideration of the chances or probability that some time in the future it may be used for some purpose to which it is adapted, unless it appears that the market value of the property is enhanced by the chances or probability.   *   *   *   But the mere hopes of an owner that

---

⬦For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

his property may at some future time be required for a reservoir or storage basin for supplying the city of New York or any other city with water cannot be considered, unless the probability of such an event in the public mind had in fact affected the fair market value at the time it was taken. Matter of New York, L. & W. R. Co. v. Arnot, 27 Hun, 151. This rule was stated by Mr. Justice Cullen in Matter of Daly v. Smith, 18 App. Div. 197 [45 N. Y. Supp. 785]."

The commissioners have committed no error that would warrant any interference on the part of this court. Therefore the motion to confirm their report must be granted. Settle order on notice.