In the Matter of the Application of the MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK Relative to Acquiring Title to Whitlock Avenue.

THE CITY OF NEW YORK, Appellant; JOHN B. SIMPSON, JR., et al., as Executors of and Trustees under the Will of WILLIAM SIMPSON, Deceased, Respondents.

NEW YORK CITY — REPORT OF COMMISSIONERS OF ESTIMATE AND ASSESSMENT IN STREET OPENING CASES — GREATER NEW YORK CHARTER, § 980. The failure of the commissioners of estimate and assessment in the city of New York in a proceeding to acquire title to lands for street opening purposes, to state in their report the specific valuations of the different properties assessed for benefits, as to which the only statement was "that in no case have we exceeded in our assessment for benefits one-half of the value of the lot assessed as valued by us," does not render the assessments void. Under section 980 of the Greater New York charter the specific valuations which the commissioners have placed upon each parcel assessed are not required to be stated in addition to the statement of the specific assessments, and their statement that in no case had they exceeded in their assessment for benefits one-half the value of the property as valued by them, shows that they kept within the limit imposed as to the amount of the assessment, and, therefore, their report is in substantial compliance with the statute.

*Matter of Whitlock Avenue,* 90 App. Div. 13, reversed.

(Argued April 27, 1904; decided May 10, 1904.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered January 21, 1904, which reversed an order of Special Term confirming the report of commissioners of estimate and assessment in the proceeding herein.

The facts, so far as material, and the questions certified are stated in the opinion.

*John J. Delany,* Corporation Counsel (*Theodore Connoly, John P. Dunn* and *Thomas C. Blake* of counsel), for appellant. The commissioners of estimate and assessment in this proceeding have complied with section 980 of the Greater New York charter prohibiting them from assessing any house, lot, improved or unimproved lands more than one-half of the value of such house, lot, improved or unimproved land as valued by them. (*Matter of Wendover Ave.,* 48 N. Y. S. R. 868; *Matter of Brook Ave.,* 8 App. Div. 292.)

*Barclay E. V. McCarty* and *Jared G. Baldwin, Jr.,* for respondents. The failure of the commissioners herein to state the specific valuations placed by them on the respective parcels of land assessed constituted a jurisdictional defect, and, by reason of the omission, the attempted assessments were void. (*Matter of S. A. M. E. Church,* 66 N. Y. 395; *Matter of Cram,* 69 N. Y. 452; *Matter of Churchill,* 82 N. Y. 288; *Matter of Robbins Avenue,* 83 App. Div. 513; Dillon on Mun. Corp. [4th ed.] § 89; *N. P. Assn.* v. *Lloyd,* 167 N. Y. 431; Cooley on Taxn. [3d ed.] 468, 469, 480, 1156, 1266.)

GRAY, J. In this proceeding to acquire the title to lands for street opening purposes, in the city of New York, the commissioners of estimate and assessment presented a report, which stated, specifically, their estimates of awards for damages and of assessments for benefits upon the various properties described; but which did not state, specifically, their valuations of the different properties assessed for benefit. As to such valuations this statement, only, was contained in their report: "We further report that in no case have we exceeded in our assessment for benefits one-half of the value of the lot assessed as valued by us." Objection was made to the confirmation of their report; but the objection was overruled

and. the report was confirmed by the court, at Special Term. Upon appeal to the Appellate Division, in the first department, the order of confirmation was reversed and the report of the commissioners was sent back to them. Leave, however, has been given by the Appellate Division to appeal to this court and the following questions of law were certified for our review, viz. :  *First* — Are the commissioners of estimate and assessment in this proceeding required by the following provisions of section 980 of the Greater New York charter, to wit : " The said commissioners shall in no case assess any house, lot, improved or unimproved lands more than one-half the value of such house, lot, improved or unimproved lands as valued by them," in addition to the statement of the specific assessments on every lot assessed by them, to state the specific valuations which they have placed upon such parcel assessed ?  *Second* — Was the following statement in the commissioners' report, to wit : " We further report that in no case have we exceeded in our assessments for benefit one-half the value of the lot assessed, as valued by us," taken in connection with the tabulated statement of the specific assessments on the properties assessed by them in their report, a sufficient compliance with the provisions of section 980 of the Greater New York charter ?

The learned justices of the Appellate Division divided in opinion upon the question of the sufficiency of the report; the majority of them holding that the commissioners had not complied with the provisions of section 980, in that they had failed to state the specific valuations which they had placed on each piece of property assessed.  That section, in the feature discussed, was amendatory of the provision of the former Consolidation Act, which limited the commissioners, in assessing for benefit, to one-half the value of the property assessed, *as valued by the general tax assessing officers of the city.*  The effect of the amendment was to make the rule of valuation uniform, in establishing as a basis for the estimates of an award for damage and of an assessment for benefit the market value of the property as ascertained by the commissioners.

The report of the commissioners is in substantial compliance with the requirement of the statute. While it is true, in order to justify the assessment, that the report must show that the commissioners have kept within the limit imposed as to its amount, it does contain their statement that, in no case, had they exceeded in their assessment for benefit one-half the value of the property as valued by them. Having stated, specifically, in figures the assessment upon each piece of property, it followed, necessarily, that they had previously valued the property and that their valuation should have been stated in the general language used in the report, instead of specifically upon the schedule of assessments, is immaterial. The statute does not, in terms, require the report to contain any statement of specific valuations, and while it might be a more convenient arrangement, as a matter of form, that the figures of valuations should accompany the figures of assessments, it cannot be said that there was a fundamental defect, invalidating the exercise of the power conferred. While the statement of the commissioners as to their valuation may be characterized, in a sense, as a conclusion, it was, nevertheless, their statement, in effect, that their valuation in each case was, at least, double the assessment levied. Section 985 of the Greater New York charter, which prescribes what the report of the commissioners is to contain, does not appear to require the commissioners to give the valuation of the property assessed and that is a reason, taken in connection with the general language of section 980, for our holding the form of report in this case to have been sufficient.

The first question certified should be answered in the negative; the second question certified should be answered in the affirmative and, therefore, the order appealed from should be reversed and that of the Special Term should be affirmed; with costs in this court and in the Appellate Division to the appellants.

PARKER, Ch. J., O'BRIEN, BARTLETT, HAIGHT, VANN and WERNER, JJ., concur.

Order reversed, etc.