### In re MAYOR, ETC., OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. April 14, 1905.)

**1. MUNICIPAL CORPORATIONS—STREETS—ACQUISITION OF LAND—COMMISSIONERS' REPORT—RECITALS—CONCLUSIVENESS.**

Where it affirmatively appeared from the report of commissioners of estimate and assessment in street opening proceedings that a property owner had been assessed more than one-half the value of his property not taken, in violation of Greater New York Charter (Laws 1901, c. 466) § 980, a recital in the report that they had not exceeded in their assessment one-half of the value of the land assessed, as valued by them, was not conclusive.

**2. SAME—DONATION OF LAND—EXEMPTIONS.**

Consolidation Act (Laws 1882, p. 268, c. 410) § 971, provides that, where an owner of land embraced within any street conveys the same to the city without compensation, after such conveyance has been accepted no proceedings to open the lands so conveyed shall be maintained, nor shall the "lands fronting on that portion of the street or avenue so conveyed and extending to the center of the block on either side of such portion of the street or avenue" be chargeable with any portion of the

expenses of opening the street. *Held* that, where a landowner gave certain land to the city for street purposes under such section, land belonging to others, who did not derive their title from the donor, and which neither fronted on the portion of the street so conveyed, nor extended to the center of the block, was not exempt from assessment.

Appeal from Special Term, New York County.

Proceedings by the mayor, etc., to acquire title to land for the purpose of opening Lafayette avenue, in the city of New York. From an order returning the report of commissioners of estimate and assessment for correction, the city and one Dickey and one Varnum prosecute cross-appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

John P. Dunn, for appellant city of New York.

Tompkins McIlvaine, for appellants Dickey and Varnum.

George W. Carr, for respondent Rollins.

McLAUGHLIN, J.   This proceeding was instituted to acquire title to land for the purpose of opening Lafayette avenue, in the city of New York. The commissioners of estimate and assessment made a final report, awarding damages to the owners of land taken, and imposing assessments on land benefited. The report was confirmed in so far as it awarded damages for land taken, but sent back to the commissioners for correction with respect to assessments for benefit. The respondent Rollins objected to the assessment imposed upon his lot upon the ground that it was in excess of that permitted by the statute. His objection was sustained, and the city appeals from so much of the order as sent such assessment back to the commissioners for correction. The city objected to so much of the report as failed to impose an assessment for benefits on land owned by the appellants Dickey and Varnum. Its objection was sustained, and the report sent back to the commissioners to further consider that question, and Dickey and Varnum have appealed from that part of the order.

As to the appeal by the city: It appeared upon the motion to confirm the report of the commissioners that the respondent Rollins objected to that part of it which assessed his property on the ground that such assessment was in excess of one-half of the value of the land, and therefore in violation of section 980 of the charter (Laws 1901, p. 411, c. 466). This section provides that "the said commissioners shall, in no case, assess any house, lot, improved or unimproved lands more than one half the value of such house, lot, improved or unimproved lands, as valued by them." The city contends that the court erred in sending the matter back to the commissioners, inasmuch as it appeared by their report that they had not exceeded in their assessment one-half of the value of the land assessed, as valued by them. It is true, there is in the report a statement to the effect that the commissioners have in no case exceeded in their assessment for benefit one-half of the value of the land assessed, as valued by them; and, if there were nothing else in their report or the proceedings had before them to show to the contrary, this statement would be conclusive, under the recent decision in Matter of Whitlock Ave., 178 N. Y. 421, 70 N. E. 924. Such state-

ment, however, is not conclusive when the evidence presented shows that the same has been inadvertently or erroneously made, and that is what here appears. The record shows that Rollins, at the time his land was taken, was the owner of a tract of unimproved land, called "salt meadow land," which contained 6.7 acres, 1½ acres of which were taken by the commissioners, and for which they awarded $3,000, viz., $2,000 an acre. The part taken, so far as appears, was of the same character as the balance of the land, which at the same rate would have been worth $10,400. It was assessed for benefits $7,778.09, which is more than one-half of its value, and in excess of what the statute allows. Therefore, in view of such facts, I think the court properly ordered the report back for correction.

This brings us to a consideration of the appeals by Dickey and Varnum. In 1895 one Cohen held the record title to a large tract of land lying on either side of the avenue proposed to be opened, and in that year she conveyed to the city so much thereof as lay within the boundaries of the proposed street, adjacent to or lying near the land in question. At the time of the conveyance, section 971 of the consolidation act (Laws 1882, p. 268, c. 410) was in force, which provided, among other things, that an owner of land embraced within any street might, without compensation, convey the same to the city, and, after such conveyance had been accepted, "no proceedings to open the lands so conveyed shall be taken or maintained nor shall the lands fronting on that portion of the street or avenue so conveyed and extending to the center of the block on either side of such portion of said street or avenue so conveyed be chargeable with any portion of the expenses of opening the residue or any portion of the residue of such street or avenue. * * *" As already indicated, Cohen, at the time the conveyance was made to the city, owned land on either side of the street next to and adjoining that conveyed. To the south of her land, and lying between it and the center line of the block on the south side of the street, is the property now owned by Dickey and Varnum, and which they claim, under the statute, is not liable to be assessed for benefits, inasmuch as it only extends to the center of the block. This was the view entertained by the commissioners, and in this I think they erred. This land does not front upon that portion of the street which had been deeded to the city by Cohen, and, under the statute, if effect be given to the words used, this is necessary in order to entitle the owner to an exemption. The statute says "lands fronting on that portion of the street or avenue so conveyed, and extending to the center of the block." The land, to be entitled to the exemption, must extend from the street to the center of the block. This property does not. Lying between it and the street is the Cohen land. The purpose of this statute is clear. It is to confer a benefit upon an owner of land in return for his voluntary conveyance to the city. So far as the record shows, neither Dickey and Varnum, nor their predecessors in title, have voluntarily conveyed any land to the city, nor did they acquire the land in question from Cohen or her grantees. Under such circumstances, it seems to me, this land should be assessed for benefits, and the report for that reason was properly returned for correction.

The order appealed from, therefore, must be affirmed, with $10

costs· and disbursements to the respondent Rollins against the city, and $10 costs and disbursements to the city against appellants Dickey and Varnum. All concur; INGRAHAM and LAUGHLIN, JJ., in result.