(85 App. Div. 347.)

## In re OPENING OF EAST 176th ST.

(Supreme Court, Appellate Division, First Department.　July 7, 1903.)

1. RELIGIOUS CORPORATIONS—EXEMPTION—SPECIAL ASSESSMENTS.

Under Laws 1896, p. 743, c. 618, § 1, providing that the real estate owned by any religious corporation and used exclusively as a place of public worship in the Twenty-Third and Twenty-Fourth Wards of the city of New York shall be exempt from all assessments for public improvements which are now levied and assessed against such real estate, or which may hereafter be levied and assessed during three years from January 1, 1896, a religious corporation is not entitled to exemption from assessments for local improvements which were authorized and begun during the three years from 1896, but the assessments for which were not levied until the end of that period.

2. SAME—EXCESSIVENESS.

The court is not justified in interfering with the conclusions reached by the commissioners of estimate and assessment as to the amount of special assessments to be imposed for a street opening, on the ground that they are excessive, unless, upon the face of the report, there is manifest error, or it is apparent that the amount fixed was clearly excessive.

3. SAME—SUFFICIENCY OF SHOWING.

On objection to the confirmation of a special assessment in street opening proceedings on the ground that it is excessive, a comparison with other parcels of land not shown to be similarly situated is not sufficient to justify judicial interference with the decision of the commissioners of estimate and assessment.

Appeal from Special Term, New York County.

Application by the mayor, etc., for the purpose of opening East 176th street, in which Christ Congregational Church and another filed objections to the confirmation of the report of the commissioners of estimate and assessment.　From an order denying a motion to confirm the report, applicants appeal.　Reversed.

Argued before VAN BRUNT, P. J., and PATTERSON, McLAUGHLIN, O'BRIEN, and LAUGHLIN, JJ.

John P. Dunn, for appellant.
Theodore H. Friend, for respondent Christ Congregational Church.
Charles Strauss, for respondent Wm. McNabb.

O'BRIEN, J.　This is a proceeding instituted by the city authorities to acquire lands for the purpose of opening East 176th street from Monroe avenue to Tremont avenue.　The usual proceedings were had, and the commissioners of estimate and assessment were appointed, the board of street openings and improvements having determined that the entire costs and expenses should be assessed upon the property deemed to be benefited.　The preliminary abstract of awards and assessments is dated April 7, 1899, and was filed May 10, 1899.　The final report of the commissioners was dated November 8, 1901.　The court at Special Term sustained two objections to the final report—one interposed by the Christ Congregational Church as to parcel benefit No. 86, on the ground of its exemption under chapter 618, p. 743, of the Laws of 1896, and the other by William McNabb as to parcel benefit No. 89, on the ground that the assess-

ment against a part of his property was excessive. With respect to the objection to the assessment against the church it appeared that, pursuant to the resolution of the board of street openings and improvements, the title to the lands and property taken in this proceeding vested in the city of New York on November 1, 1897.

Chapter 618, p. 743, Laws of 1896 (section 1), reads as follows:

"The real estate owned by any religious corporation actually dedicated and used by such corporation exclusively as a place of public worship in the 23rd and 24th Wards of the city of New York, shall be exempt from all assessments for public improvements which are now levied and assessed against such real estate, or which may hereafter be levied and assessed against such real estate during three years from January 1st, 1896."

To gain the benefit of the exemption contained in this act, it was thus necessary for the church to show that the assessment was "levied and assessed" within or prior to the period fixed by the act of 1896. The point here is, at what date was the assessment levied and assessed against the church? We do not think that the assessment was levied prior to the signing of the preliminary estimates of the commissioners, which was on April 7, 1899; and it is doubtful if it could be regarded as legally assessed and levied prior to the signing of the final report, which was on November 8, 1901. Whichever date, however, we fix upon, it was after the benefit conferred by the act of 1896 had ended, which, by the terms of the act, expired on January 1, 1899. To sustain the position of the respondent church, therefore, it will be necessary to construe the statute as granting an exemption from assessments for such local improvements as are authorized and begun during the three years from 1896. This court, however, is committed to the view that it is the law in force when the assessment is levied that governs. Thus it was said in Matter of Whittier Street, 46 App. Div. 52, 61 N. Y. Supp. 437:

"It is difficult to see what relation the date of the commencement of a proceeding or the time at which the property taken under the proceeding vests in the city has to the assessment upon the adjacent property benefited by the improvement."

See, also, Matter of Whitlock Ave., 51 App. Div. 436, 64 N. Y. Supp. 717; Matter of the Mayor, etc., 40 App. Div. 452, 58 N. Y. Supp. 100; Matter of East 175th Street, 49 App. Div. 114, 63 N. Y. Supp. 468.

Moreover, the language of the statute itself will not bear any such interpretation, and it will not do, for the purpose of sustaining an exemption from taxation, to depart from the fixed and settled meaning of the language employed in the act. "Taxation is the rule, with every presumption to support it, while exemption is an exception, with every presumption against it." People ex rel. Met. St. Ry. Co. v. Tax Com'rs, 174 N. Y. 448, 67 N. E. 69. The fact, therefore, that proceedings were instituted and title vested in the city to the lands during the time when the exemption under the act of 1896 was in force, does not entitle the church property to the benefit of its provisions, inasmuch as the assessment was not levied until after the exemption had ceased. We think, therefore, that the learned Special Term was in error, upon the facts here appearing, in construing the statute so as to exempt the church property from assessment.

With respect to the property of McNabb, parcel benefit No. 89, it appears that the proposed assessment in the preliminary estimate was $1,994.35, but was reduced by the commissioners in the final report to $1,256.15. To this latter sum objections were made, and sustained by the Special Term, on the ground that it was excessive; but we think that a brief statement of the facts will show that the conclusion thus reached was also erroneous. The property in question is situated on the west side of Clay avenue, about 25 feet from the improvement, with a frontage of 100 feet on the avenue and a depth on the northerly boundary line of 153.97 feet and on the southerly line of 169.46 feet, and contains about $6^{6}/_{10}$ city lots of 2,500 square feet. It was claimed by the objector that the highest expert valuations placed on the property in these proceedings was $3,000 for lots with 25 feet front, which would, without taking into consideration the value of the land in excess of 100 feet in depth, bring this property, assuming that it was equal to the most valuable of the land taken, to a value of at least $12,000. We have examined the other parcels included in the area of assessment and their situation and relation to the improvement, and find no particular piece of the same dimensions or similarly located with which an exact comparison can be made. Nor do we think that the court is justified in interfering with the conclusion reached by the commissioners, unless upon the face of the report there was a manifest error, or it was apparent that the commissioners had fixed an amount which, as compared with the other property, was clearly excessive. It must be remembered that in determining the amount to be awarded or assessed the commissioners have this advantage over the court in that it is their duty to view the premises; and such duty, it appears in this instance, they performed. It would seem to follow, therefore, that for purposes of comparison as to the relative value of the different parcels involved the commissioners were in a much better position to make them than could the court from a mere inspection of a report. The appellant correctly states the rule established by the cases that authority was given by the Legislature to the commissioners to determine the awards to be made and the damages to be assessed in these proceedings, and, unless it is shown that there is an abuse of discretion, or that they were palpably wrong, or that there is manifest error, the court should not interfere. Matter of Brook Avenue, 8 App. Div. 296, 40 N. Y. Supp. 949; Matter of Eager, 46 N. Y. 100; Matter of Cruger, 84. N. Y. 619. The fact that the assessment may seem to be excessive is by no means conclusive, in the absence of proof directed to establishing it. In the absence, therefore, of evidence to support the claim of McNabb that the assessment on this parcel was excessive—and for this purpose we do not think that a comparison with other parcels not shown to have been similarly situated is sufficient—we do not think that the court was justified in interfering with the conclusion reached by the commissioners who viewed the property, and who, so far as their report shows, have not exceeded their discretion or committed manifest error.

As to both parcels, therefore, we think that the objections should have been overruled. The order appealed from should accordingly

be reversed, and the report of the commissioners confirmed, with one bill of costs and disbursements to the appellant, to be paid equally by the respondents. All concur.