In the Matter of the Application of the MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Relative to Acquiring Title, Wherever the Same Has Not Been Heretofore Acquired, to the Lands, Tenements and Hereditaments Required for the Purpose of Opening Lafayette Avenue (Although Not Yet Named by Proper Authority), from Longwood Avenue to the Bronx River, as the Same Has Been Heretofore Laid Out and Designated as a First-class Street or Road in the Twenty-third Ward of The City of New York.

THE CITY OF NEW YORK, Appellant, Respondent; CHARLES D. DICKEY and MARY W. D. VARNUM, Individually and as Executors, etc., of CHARLES D. DICKEY, Deceased, Appellants; EDWARD A. ROLLINS, Respondent.

*Street opening in New York city — statement in the commissioners' report that an assessment did not exceed one-half the value of land assessed, when not conclusive — only owners of land fronting on the street are exempt from assessment, where they convey the land in the street.*

A statement in the report of the commissioners of estimate and assessment, appointed in a proceeding instituted to open a street in the city of New York, that the commissioners have in no case exceeded in their assessment for benefit one-half of the value of the land assessed as valued by them (Revised Greater New York Charter [Laws of 1901, chap. 466], § 980), is not conclusive, where it appears from the record of the proceedings had before the commissioners that such statement was inadvertently or erroneously made.

Under section 971 of the Consolidation Act (Laws of 1882, chap. 410), which provided that an owner of land embraced within the lines of any street or avenue might, without compensation, convey the same to the city, and that, after such conveyance had been accepted, "no proceedings to open the lands so conveyed shall be taken or maintained, nor shall the lands fronting on that

portion of the street or avenue so conveyed and extending to the center of the block on either side of such portion of said street or avenue so conveyed, be chargeable with any portion of the expenses of opening the residue or any portion of the residue of such street or avenue," the owners of land lying between the land fronting on the street and the center of the block, and who do not derive their title from the person who conveyed the land within the street to the city, are not entitled, under the statute, to an exemption from an assessment for benefits when the street is opened.

CROSS-APPEALS by The City of New York and by Charles D. Dickey and another, individually and as executors, etc., of Charles D. Dickey, deceased, from portions of an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 7th day of May, 1902.

*John P. Dunn,* for the appellant, respondent, City of New York.

*Tompkins McIlvaine,* for the respondents, appellants, Dickey and Varnum.

*George W. Carr,* for the respondent Rollins.

McLAUGHLIN, J. :

This proceeding was instituted to acquire title to land for the purpose of opening Lafayette avenue in the city of New York. The commissioners of estimate and assessment made a final report, awarding damages to the owners of land taken, and imposing assessments on land benefited. The report was confirmed in so far as it awarded damages for land taken, but sent back to the commissioners for correction with respect to assessments for benefit. The respondent Rollins objected to the assessment imposed upon his lot, upon the ground that it was in excess of that permitted by the charter. His objection was sustained, and the city appeals from so much of the order as sent such assessment back to the commissioners for correction. The city objected to so much of the report as failed to impose an assessment for benefits on land owned by the appellants Dickey and Varnum. Its objection was sustained and the report sent back to the commissioners to further consider that question, and Dickey and Varnum have appealed from that part of the order.

As to the appeal by the city : It apppeared upon the motion to confirm the report of the commissioners that the respondent Rollins objected to that part of it which assessed his property on the ground that such assessment was in excess of one-half of the value of the land, and, therefore, in violation of section 980 of the charter.* This section provides that " the said commissioners shall, in no case, assess any house, lot, improved or unimproved lands, more than one-half the value of such house, lot, improved or unimproved land, as valued by them." The city contends that the court erred in sending the matter back to the commissioners, inasmuch as it appeared by their report that they had not exceeded in their assessment one-half of the value of the land assessed as valued by them. It is true there is in the report a statement to the effect that the commissioners have in no case exceeded in their assessment for benefit one-half of the value of the land assessed as valued by them, and if there were nothing else in their report or the proceedings had before them to show to the contrary, this statement would be conclusive under the recent decision in *Matter of Whitlock Ave.* (178 N. Y. 421). Such statement, however, is not conclusive, when the evidence presented shows that the same has been inadvertently or erroneously made, and that is what here appears. The record shows that Rollins, at the time his land was taken, was the owner of a tract of unimproved land (called salt meadow land), which contained six and seven-tenths acres, one and one-half acres of which were taken by the commissioners, and for which they awarded $3,000, viz., $2,000 an acre. The part taken, so far as appears, was of the same character as the balance of the land, which, at the same rate, would have been worth $10,400. It was assessed for benefits $7,778.09, which is more than one-half of its value and in excess of what the charter allows. Therefore, in view of such facts, I think the court properly ordered the report back for correction.

This brings us to a consideration of the appeals by Dickey and Varnum. In 1895 one Cohen held the record title to a large tract of land lying on either side of the avenue proposed to be opened, and in that year she conveyed to the city so much thereof as lay within the boundaries of the proposed street, adjacent to or lying near the land in question. At the time of the conveyance section 971 of the

* Laws of 1897, chap. 378, as amd. by Laws of 1901, chap. 466.— [REP.

Consolidation Act (Laws of 1882, chap. 410), was in force, which provided, among other things, that an owner of land embraced within the lines of any street or avenue might without compensation, convey the same to the city, and, after such conveyance had been accepted, "no proceedings to open the lands so conveyed shall be taken or maintained nor shall the lands fronting on that portion of the street or avenue so conveyed, and extending to the center of the block on either side of such portion of said street or avenue so conveyed, be chargeable with any portion of the expenses of opening the residue or any portion of the residue of such street or avenue  *  *  *." This provision was substantially re-enacted in section 992 of the charter. As already indicated, Cohen, at the time the conveyance was made to the city, owned land on either side of the street next to and adjoining that conveyed. To the south of her land, and lying between it and the center line of the block on the south side of the street, is the property now owned by Dickey and Varnum, and which they claim, under the statute, is not liable to be assessed for benefits, inasmuch as it only extends to the center of the block. This was the view entertained by the commissioners, and in this I think they erred. This land does not front upon that portion of the street which had been deeded to the city by Cohen, and, under the statute, if effect be given to the words used, this is necessary in order to entitle the owner to an exemption. The statute says, "lands *fronting* on that portion of the street or avenue so conveyed, *and extending* to the center of the block." The land, to be entitled to the exemption, must extend from the street to the center of the block. This property does not. Lying between it and the street is the Cohen land. The purpose of this statute is clear. It is to confer a benefit upon an owner of land in return for his voluntary conveyance to the city. So far as the record shows, neither Dickey and Varnum, nor their predecessors in title, have voluntarily conveyed any land to the city, nor did they acquire the land in question from Cohen or her grantees. Under such circumstances it seems to me this land should be assessed for benefits, and the report for that reason was properly returned for correction.

The order appealed from, therefore, must be affirmed, with ten dollars costs and disbursements to the respondent Rollins against

FIRST DEPARTMENT, APRIL, 1905.          [Vol. 103.

the city, and ten dollars costs and disbursements to the city against appellants Dickey and Varnum.

VAN BRUNT, P. J., and PATTERSON, J., concurred; INGRAHAM and LAUGHLIN, JJ., concurred in result.

Order affirmed, with ten dollars costs and disbursements to the respondent Rollins against the city, and ten dollars costs and disbursements to the city against the appellants Dickey and Varnum.