### In re AVENUE D IN CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. November 22, 1907.)

1. MUNICIPAL CORPORATIONS—PUBLIC IMPROVEMENTS—STREET—ASSESSMENT OF BENEFITS.

In a street opening proceeding under New York City Charter, tit. 4, c. 17 (Laws 1901, p. 405, c. 466), relating to the opening of streets, where the testimony as to values shows that the witnesses all assumed the whole tract to be of equal value, and testified of its value, without discrimination in favor of the parcels left as against the portion taken, and the commissioners assessed the land not taken for the improvement at more than one-half its value on that basis, the court may assume that the part taken was of the same character as the balance of the land, and that the commissioners, in making the assessment, took into consideration the increased value of the remaining parcels by reason of the street extension.

2. SAME—STATUTORY PROVISIONS.

New York Charter, Laws 1901, p. 411, c. 466, § 980, provides that in a street opening proceeding the commissioners of estimate and assessment shall not assess any lands for benefits more than one-half the value thereof as valued by them. *Held* that, for the purpose of assessing benefits, the value of property not taken must be determined on the basis of what it is worth after the street extension is made and the title to the land has vested in the city.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 36, Municipal Corporation, § 1053.]

3. SAME—REPORT OF COMMISSIONERS—SUFFICIENCY.

Where the commissioners certified in their report that they had complied with the statute under which they acted, and limited their assessment for benefit to one-half the value of the lots lying within the district of assessment as valued by them, pursuant to section 980 of the charter, it will be presumed to be true, in the absence of anything in the record to the contrary.

Appeal from Special Term.

Application by the city of New York to open Avenue D, from Rogers avenue to East Thirty-Fourth street, in the borough of Brooklyn. From an order confirming the report of commissioners of estimate and assessment, so far as it confirms the assessment on property of George Fulling and others, they appeal. Affirmed.

Argued before WOODWARD, JENKS, HOOKER, RICH, and MILLER, JJ.

Charles S. Taber, for appellants.
James F. Quigley, for respondent.

WOODWARD, J.  This proceeding was brought pursuant to the provisions of title 4 of chapter 17 of the charter of the city of New York (Laws 1901, p. 405, c. 466), for the purpose of acquiring title to land required for the purpose of opening Avenue D, from Rogers avenue to East Thirty-Fourth street, as laid down in the commissioners' map of the city of New York. Avenue D as laid down is located almost exactly in the middle of a long, narrow strip of land known as the "Pope Farm." After taking the land required for Avenue D (a strip 80 feet wide) there was left a strip of land averaging 553.50 feet wide on the north side of the street, and a strip averaging 35.48 feet wide on the south side. The total awards for the land actually taken for the street (what is known in the proceedings as parcels 1 and 3), being 116,000 square feet, was $38,827, or about 33⅓ cents a square foot, and for parcel 5, being 20,800 square feet, $3,308, or a fraction less than 16 cents per square foot. The commissioners in their report also assessed the land left after the street had been carved out of the tract; and in so doing in their report fixed the aggregate assessment for this improvement at $23,166.68.

Section 980 of the charter of the city of New York provides as follows:

"The said commissioners shall in no case assess any house, lot, improved or unimproved lands, more than one-half the value of such house, lot, improved or unimproved land, as valued by them."

It is claimed by the appellants that the commissioners violated this provision of the charter by imposing an assessment on the lands taken greater than one-half their value. If the lands not taken are to be figured at the same rate per square foot as fixed by the award for the land actually taken for the street extension, then the contention of the appellants is right. The aggregate assessment stated in the report is $23,166.68, whereas the land not taken, computed at the same rate per square foot, aggregates $30,502.36, and one-half that sum is $15,251.18, which sum the appellants contend is the maximum sum which the commissioners could assess against these parcels. The respondent contends that there is no warrant in law for the contention that the commissioners must place the same value upon the lands abutting Avenue D as upon that part of the tract taken for opening that street. On the other hand, it is urged that the instant the title to Avenue D was transferred to the city the abutting lands took a new and additional value, which the commissioners were justified in considering in fixing the value of the lands to be assessed.

It is quite manifest that the commissioners must have pursued this course to justify the assessment actually made. We have examined the testimony as to values given by the four witnesses called in this proceeding (two for the city and two for the owners), and in their testimony they all seem to have assumed the whole tract to have been of equal value, and testified of its value as a tract, without in any way discriminating in favor of the parcels left as against the portion taken.

In view of this evidence on the part of the witnesses both for the owners and for the city, this court is justified in assuming that the part taken was of the same character as the balance of the land (Matter of Mayor [Lafayette Avenue] 103 App. Div. 496, 93 N. Y. Supp. 84), and that the commissioners, in making the assessment complained of, took into consideration what they deemed to have been the increased value of the remaining parcels by reason of the extension of Avenue D. The question there is: Was that course justified under the statute?

The section above quoted, limiting an assessment to not "more than one-half the value of such house, lot, improved or unimproved land, as valued by them," is silent as to the method which the commissioners should employ in fixing the valuation—whether as determined before or after the street extension had been made. The question raised may perhaps be answered by supposing the converse of the situation presented on this appeal. Assume that, instead of the property not taken being benefited by the proposed extension, it had been seriously depreciated. Such a case is quite possible; for a street might be extended through a strip of land at such a grade, or might leave the parcels untaken of such a shape, as to seriously depreciate the value of those parcels, instead of conferring benefits. In case of such a depreciation it could hardly be argued that the commissioners would be justified in assessing the land not taken on the basis of its former valuation per square foot. Such method of procedure would be productive of rank injustice. We therefore conclude that commissioners, in determining the value of the parcels untaken, must determine and fix that value on what the parcels are worth with the street extension made, and the title to the land within the street lines vested in the city of New York.

The commissioners, therefore, having been lawfully justified in pursuing this method, and having certified in their report that they have followed and complied with the directions of the statute under which they acted, and limited "our assessment for benefit to one-half the value of the lots or parcels of land lying within said area or district of assessment as valued by us, pursuant to the provisions of section 980 of the charter of the city of New York," and nothing appearing in the record to the contrary in this case, under the authority of Matter of Whitlock Ave., 178 N. Y. 421, 70 N. E. 924, we conclude the order appealed from must be affirmed, with costs. All concur.