In re THAYER AND ARDEN STREETS IN CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department.    May 13, 1910.)

MUNICIPAL CORPORATIONS (§ 508*)—PUBLIC IMPROVEMENTS—ASSESSMENTS—
DETERMINATION OF AMOUNT.

Under Greater New York Charter (Laws 1901, p. 466) § 980, providing that the commissioner of assessment shall in no case assess any lands more than one-half of their value, where the report of the commissioner shows that the value of an entire tract, less the damages on the taking of a part for a street, was about $7,800, while the assessment was $6,917, and the report does not show the date taken by the commissioner of assessment for his determination of the value, it will be sent back to the commissioner for further return showing such date, though the report states that in no case does the assessment exceed half the value of the property as valued by the commissioner.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 508.*]

Appeal from Special Term, New York County.

In the matter of the application of the City of New York relative to acquiring title for the opening and extension of Thayer street and Arden street from Broadway to Nagle avenue, in the Twelfth ward, borough of Manhattan, city of New York.   From an order confirming the report of commissioners of estimate and the report of commissioners of assessment, the Calendar Realty Company appeals.   Affirmed in part, and reversed and remanded in part.

Argued before INGRAHAM, P. J., and CLARKE, McLAUGHLIN, and SCOTT, JJ.

Abraham Benedict (Samuel Untermeyer, on the brief), for appellant.

Archibald R. Watson, Corp. Counsel (Joel J. Squier, of counsel, and F. W. Gahrmann, on the brief), for respondent.

CLARKE, J.   This appeal is for the purpose of reviewing an award of $14,672.96 for damage to parcel No. 5, upon the ground that it is insufficient, and an assessment for benefit upon parcel No. 7 of $1,907.52, and benefit upon parcel No. 6 of $5,009.50, upon the ground that said assessments are excessive and in violation of the provisions of section 980 of the Greater New York charter (Laws 1901, c. 466), which provides that:

"Said commissioner of assessment shall in no case assess any house, lot, improved or unimproved lands more than one half of the value of such house, lot, improved or unimproved land as valued by him."

Arden street, as proposed, ran from Nagle avenue to Broadway, and was 60 feet wide.   The appellant's property had a frontage on Broadway of 100 feet, of which, after the taking, there was left a strip 10 feet wide on the north side of Arden street and 30 feet wide on the south side.   At the time of the proceeding it was covered with rock to a height of 30 feet above the grade of Broadway, sloping towards the rear of the lot.   We see no reason to interfere with the action of the commissioners, so far as the award for the property taken

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

is concerned.  It is sustained by the evidence, the commissioners had the benefit of their own view of the premises, and it does not appear that they proceeded upon an erroneous theory.

The assessment for benefit presents a different question.  The commissioner is prohibited by the statute from assessing any property at more than one-half of the value thereof, as valued by him, and in his report he has returned:

"I have valued such parcels of lands assessed by me, and in no case does the assessment for benefit exceed one-half of the value of the property assessed, as valued by me."

He does not return the value of the two parcels under consideration as valued by him, nor does he state whether such valuation was made as of the time of the assessment of damages, to wit, before the street was opened or thereafter, when the property could properly be considered to have received the benefit of said opening.  There is no evidence in the case of the value of the lands adjacent to the street after the opening.  We therefore have no information, from the testimony or from the report, showing the time or the condition assumed for the determination of the assessment for benefit.

One of the city's witnesses testified that the value of the whole plot, in his opinion, was $20,548, the damages $12,848.92, and the value of the remaining strips $7,699.08.  The other testified that the value of the plot, in his opinion, was $24,454, the damages $16,497, and the value of the remaining strips $7,957.  Taking the mean of those two estimates, as the commissioners appear to have done when they estimated the damage, we find the witnesses' estimate of the value of the remaining strips to be $7,828.04.  Upon that basis, the assessment should have been $3,914.02, while as made it was $6,917.02.  We should call attention, also, to the fact that the 10-foot strip upon the north side of the street, covered with 30 feet of rock, has been assessed for benefit $1,907.52.

In the Matter of Lafayette Avenue, 103 App. Div. 496, 93 N. Y. Supp. 84, this court, Mr. Justice McLaughlin writing the opinion, said:

· "It is true there is in the report a statement to the effect that the commissioners have in no case exceeded in their assessment for benefit one-half of the value of the land assessed as valued by them, and if there were nothing else in their report or the proceedings had before them to show the contrary this statement would be conclusive, under the recent decision in Matter of Whitlock Avenue, 178 N. Y. 421, 70 N. E. 924.  Such statement, however, is not conclusive, when the evidence presented shows that the same has been inadvertently or erroneously made; and that is what here appears.  The record shows that Rollins, at the time his land was taken, was the owner of a tract of unimproved land called 'salt meadow land,' which contained 6.7 acres, 1½ acres of which were taken by the commissioners, and for which they awarded $3,000, viz., $2,000 an acre.  The part taken, so far as appears, was of the same character as the balance of the land, which at the same rate would have been worth $10,400.  It was assessed for benefits $7,778.09, which is more than one-half of its value and in excess of what the charter allows. Therefore, in view of such facts, I think the court properly ordered the report back for correction."

In the Matter of the City of New York (Avenue D), 122 App. Div. 416, 106 N. Y. Supp. 889, Mr. Justice Woodward, in considering a

case where land had been taken, leaving a strip on each side, and referring to section 980 of the charter, said:

"It is claimed by the appellants that the commissioners violated this provision of the charter by imposing an assessment on the lands taken greater than one half their value. If the lands not taken are to be figured at the same rate per square foot as fixed by the award for the land actually taken for the street extension, then the contention of the appellants is right. * * * The respondent contends that there is no warrant in law for the contention that the commissioners must place the same value upon the lands abutting Avenue D as upon that part of the tract taken for opening the street. On the other hand, it is urged that, the instant the title to Avenue D was transferred to the city, the abutting lands took a new and additional value, which the commissioners were justified in considering in fixing the value of the lands to be assessed. It is quite manifest that the commissioners must have pursued this course to justify the assessment actually made. * * * The section above quoted, limiting an assessment to not more than one-half of such house, lot, improved or unimproved land, as valued by them. is silent as to the method which the commissioners should employ in fixing the valuation, whether as determined before or after the street extension has been made. * * * We therefore conclude that commissioners, in determining the value of the parcels taken, must determine and fix that value on what the parcels are worth with the street extension made and the title to the land within the street vested in the city of New York."

And he held that the commissioners, having been lawfully justified in pursuing this method, and having certified that they had followed the directions of the statute and limited their assessment as required, the report should be confirmed.

The Court of Appeals (192 N. Y. 575, 84 N. E. 956), while it affirmed the order in said matter, said:

"The question whether the commissioners exceeded the limitation prescribed * * * is not passed upon, because not presented by the record. The appellant should have moved to send the report back to the commissioners, with instructions that they specify whether their valuation was made as of the date when title vested or as of the date of their report."

We think the court should be advised of the date taken by the commissioner of assessment for his determination of the value; for, if it was as of the date of the estimate for damages, we think the report must, upon this record, be sent back to the commissioner for readjustment of the assessment for benefit.

The order appealed from should, therefore, be affirmed in so far as it confirms the award for damages, and the report should be returned to the commissioner of assessment for further return as indicated, without costs to either party upon this appeal. All concur.

---

### In re VIVANTI'S ESTATE.

(Supreme Court, Appellate Division, First Department. May 6, 1910.)

1. TAXATION (§ 866*)—TRANSFER TAX—REALTY—PERPETUAL LEASE.

A perpetual lease of property, reserving rent, is real property, so that a transfer tax cannot be imposed thereon as personalty.

[Ed. Note.—For other cases, see Taxation, Dec. Dig. § 866.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes