In re THAYER AND ARDEN STREETS IN CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. February 3, 1911.)

MUNICIPAL CORPORATIONS (§ 467*)—PUBLIC IMPROVEMENT—ASSESSMENT—DE-
TERMINATION OF AMOUNT.

     Under Greater New York Charter (Laws 1897, c. 378) § 980, providing
that the commissioner of assessment shall in no case assess any house or
lot more than one-half its value as valued by him, he may, in valuing
the property for an assessment, take into consideration the enhancement
in the value of the property by reason of the improvement and make an
assessment not exceeding one-half the value of the property as so en-
hanced.

     [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§
1110, 1111; Dec. Dig. § 467.*]

     Ingraham, P. J., dissenting.

Appeal from Special Term, New York County.

In the matter of the application of the City of New York to ac-
quire title for the opening and extension of Thayer and Arden Streets.
From an order of the Special Term, confirming a supplementary re-
port of the commissioners of assessment, an appeal is taken. Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, MIL-
LER, CLARKE, and DOWLING, JJ.

     Samuel Untermyer, for appellant.

     Joel J. Squier, for respondent.

DOWLING, J. This proceeding was before the court for review
upon an appeal from an order confirming the reports of the commis-
sioners of estimate and of the commissioner of assessment, and, while
the order was affirmed as to the former, it was directed that the
latter report be returned to the commissioner of estimate for further
return, the court saying (138 App. Div. 255, 122 N. Y. Supp. 954):

     "We think the court should be advised of the date taken by the commis-
sioner of assessment for his determination of the value, for if it was as of
the date of the estimate for damages, we think the report must, upon this
record, be sent back to the commissioner for readjustment of the assessment
for benefit."

That course having been followed, the commissioner of assessment
reported that he valued each piece of property assessed by him as of
the date of the report, to wit, May 24, 1909, and that in making such
valuation he took into consideration the enhancement in value of such
property by reason of this improvement, and that in no case did the
assessment for benefit exceed one-half the value of the property as
valued by him.

Originally the consolidation act (chapter 410, Laws 1882, § 981)
provided as follows:

     "Commissioners for making estimates and assessments for any improve-
ments, authorized by law to be assessed upon the owners or occupants of
houses and lots, or improved and unimproved lands, shall in no case assess
any house, lot, improved or unimproved lands more than one-half the value
of such house, lot, improved or unimproved land as valued by the tax com-
missioners."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The effect of this was to prevent the commissioners from taking into consideration in valuing land for assessment purposes the enhanced value thereof caused by the new conditions which the improvement itself would produce. To meet this situation when the Greater New York Charter was enacted it provided (chapter 378, Laws 1897, § 980):

"The said commissioner of assessment shall in no case assess any house, lot, improved or unimproved lands more than one-half of the value of such house, lot, improved or unimproved lands as valued by him."

This is no restriction upon the manner in which the commissioner of assessment shall arrive at the values which he determines, and he is not required to take the valuation of the commissioners of estimate as his own, any more than he is required to adopt the valuation of the tax commissioners. The question whether the commissioner had the right, in determining the value of the property sought to be assessed, to take into consideration the enhanced value of the land due to the improvement itself, was decided in Matter of Avenue D, 122 App. Div. 416, 106 N. Y. Supp. 889 wherein it was said:

"It is claimed by the appellants that the commissioners violated this provision of the charter by imposing an assessment on the lands taken greater than one-half their value. If the lands not taken are to be figured by the same rate per square foot as fixed by the award for the land actually taken for the street extension, then the contention of the appellants is right. * * * The respondent contends that there is no warrant in law for the contention that the commissioners must place the same value on the lands abutting Avenue D as upon that part of the tract taken for opening that street. On the other hand, it is urged that the instant the title to Avenue D was transferred to the city the abutting lands took a new and additional value, which the commissioners were justified in considering in fixing the value of the lands to be assessed. It is quite manifest that the commissioners must have pursued this course to justify the assessment actually made. * * * The section above quoted limiting an assessment to not 'more than one-half of such house, lot, improved or unimproved land, as valued by them' is silent as to the method which the commissioners should employ in fixing the valuation whether as determined before or after the street extension had been made. * * * We, therefore, conclude that commissioners in determining the value of the parcels untaken must determine and fix that value on what the parcels are worth with the street extension made, and the title to the land within the street lines vested in the city of New York. The commissioners, therefore, having been lawfully justified in pursuing this method, and having certified in their report that they have followed and complied with the directions of the statute under which they acted and limited 'our assessment for benefit to one-half the value of the lots or parcels of land lying within said area or district of assessment as valued by us, pursuant to the provisions of section 980 of the Charter of the City of New York,' and nothing appearing in the record to the contrary in this case, under the authority of Matter of Whitlock Avenue, 178 N. Y. 421, 70 N. E. 924, we conclude the order appealed must be affirmed with costs."

So in the Matter of Whitlock Avenue, 51 App. Div. 437, 64 N. Y. Supp. 720, the court held:

"An argument has been made by the respondents respecting the unconstitutionality of the provisions of the law which would allow, in the making of an assessment for benefit, the taking into consideration of any benefit, accruing after the date at which the title vested in the city; but we regard this case as falling within the recognized principle of law that assessments for benefit in improvements of this character are within the general power

of taxation. People ex rel. Griffin v. Mayor, 4 N. Y. 419 [55 Am. Dec. 266];
Matter of Van Antwerp, 56 N. Y. 261; Litchfield v. Vernon, 41 N. Y. 123."

These decisions are in harmony with the earlier authorities of
Matter of Whittier Street, 46 App. Div. 52, 61 N. Y. Supp. 437, and
Matter of East 175th Street, 49 App. Div. 114, 63 N. Y. Supp. 468.

The order appealed from should therefore be affirmed, with $10
costs and disbursements.

McLAUGHLIN, CLARKE, and MILLER, JJ., concur.

INGRAHAM, P. J. (dissenting). This proceeding was before
this court on a former appeal (138 App. Div. 252, 122 N. Y. Supp.
952) when the matter was sent back to the commissioner for a sup-
plemental report. The commissioner having made the return required,
it was confirmed at Special Term and the property owners appeal.

The question arises under section 980 of the charter of the city of
New York (chapter 468 of the Laws of 1901, as amended by chapter
394 of the Laws of 1909). That section provides:

"The commissioner of assessment shall in making his estimate and assess-
ment of the value of the benefit and advantage of said improvement, assess
any and all such lands, tenements, hereditaments and premises within the area
or areas of assessment fixed and prescribed by the board of estimate and
apportionment, as the area or areas of assessment for benefit, in proportion
to the amount of benefit received. * * * The said commissioner shall in
no case assess any house, lot, improved or unimproved lands, more than one-
half of the value of such house, lot, improved or unimproved lands as valued
by him."

Upon the former appeal the report of the commissioner was sent
back to him for his determination as to the date at which he valued
the property. He has now reported that he valued each piece of
property assessed by him as of the date of his report, to wit, May 24,
1909; and, in making such valuation, that he took into consideration
the enhancement in value of such property by reason of this improve-
ment, and that in no case does the assessment for benefit exceed one-
half the value of the property as valued by him.

I do not think that under section 980 of the charter, the commis-
sioner was authorized in valuing the property within the area of
assessment, to consider what it will be worth after the improvement
for which the assessment is imposed is completed. Before the im-
provement, the property must be presumed to have had a definite
value. That the property would be benefited by the improvement
must also be assumed; and such benefit was to be paid for by imposing
an assessment upon the property so benefited. The amount of that
assessment had to be determined by the commissioner of assessment,
but he was prohibited from imposing upon any piece of property an
assessment in excess of one-half of the value of the property. It
seems to me that it is a violation of this provision to increase the value
of the property which is to be assessed as it was at that time, by
adding to it the increased value caused by the improvement for which
the property is to be assessed. What the commissioner has done is
to value the property, add to that value the improvement for which

the property is chargeable and which its owner has to pay for, and fix that as the value of the property at the time the assessment is made. I think the value of the property when the commissioner makes the valuation is not as benefited by the actual improvement for which the owner still has to pay, but is the value of the property without such improvement; and I therefore think the report should be sent back to the commissioner to value the property as of the time he made the assessment, and not as of the time when the assessment imposed upon it has been paid.

The question here presented was not before the court in Matter of Whittier Street, 46 App. Div. 52, 61 N. Y. Supp. 437. What we held there was that the value must be fixed by the commissioner at the time the assessment for benefit was imposed upon the property, and not at the time when the commissioner fixed the value of the property to be taken for the improvement. I appreciate the fact that a different view was taken by the Appellate Division in the Second Department in the Matter of the City of New York, Avenue D, 122 App. Div. 416, 106 N. Y. Supp. 889; but on appeal to the Court of Appeals in that case, the order was affirmed upon the ground that the question whether the commissioner exceeded the limits prescribed was not presented by the record, the Court of Appeals thus leaving the question now under consideration open.

I dissent, therefore, from an affirmance of this order.