In re NEWKIRK AVE. IN CITY OF NEW YORK.

(Supreme Court, Special Term, Kings County. March, 1914.)

1. MUNICIPAL CORPORATIONS (§ 407*)—STREET OPENING ASSESSMENTS—CONSTITUTIONALITY OF STATUTES—INEQUALITY.

Greater New York Charter (Laws 1901, c. 466) § 992, as amended by Laws 1910, c. 548, provides that any owner of land within a street extending to or beyond its center may, without compensation and before the appointment of commissioners, convey his interest therein to the city providing the same is free from incumbrances, etc., and, if the title conveyed be not rejected for good cause by the corporation counsel, the conveyance shall be recorded and filed, and thereupon the city shall become vested with the title to the same extent as if acquired by a proceeding to open that part of the street, and thereafter the land fronting on the part of the street conveyed and extending to the center of the block on either side shall not be chargeable with the expense of the opening of the remainder of any part of the street except the fair proportion of the awards that may be made for buildings. *Held*, that the section is not unconstitutional on the ground that it increases the burden of assessment to be borne by those who do not make such cessions to the city.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1003, 1004; Dec. Dig. § 407.*]

2. MUNICIPAL CORPORATIONS (§ 492*)—OPENING OF STREETS—ASSESSMENT OF BENEFITS.

Where an assessment of a benefit parcel in street opening proceedings exceeds one-half of the value of the parcel assessed, as appraised by the commissioners of estimate and is claimed for that reason to be contrary to Greater New York Charter (Laws 1901, c. 466) § 980, the proper practice is to refer the report back to the commissioner of assessment with directions to report the date as of which he fixed the value of the parcels, for the purpose of determining whether he took into account the enhancement of value from the improvement.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1156–1158; Dec. Dig. § 492.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. MUNICIPAL CORPORATIONS (§ 467*)—OPENING OF STREETS—ASSESSMENT.
    The commissioner of assessment in street opening proceedings should take into account the enhancement of value resulting from the improvement in assessing benefits.
    [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1110, 1111; Dec. Dig. § 467.*]

Proceedings by the City of New York to acquire lands for the opening of Newkirk Avenue. On motion to confirm report of the commissioners of estimate and the commissioner of assessment. Report of commissioners of estimate confirmed, and report of commissioner of assessment returned, with directions.

Archibald R. Watson, Corp. Counsel, of New York City (Edward Riegelmann, of Brooklyn, and Howard L. Campion, of New York City, of counsel), for City of New York.

Robert H. Haskell and James R. Gormly, both of Brooklyn (John H. Easterday, of counsel), for objectors.

BENEDICT, J. This is a motion to confirm the report of the commissioners of estimate and the report of the commissioner of assessment in a street opening proceeding. Objections were made before the commissioners to the awards for certain parcels of property taken; but no brief has been presented to me in support of any such objections, and the report of the commissioners of estimate is accordingly confirmed.

[1] Certain property owners within the area of assessment object to the assessments made because certain other property owners, who ceded their lands to the city in pursuance of section 992 of the Greater New York Charter, have been relieved of assessment in accordance with the provisions of that section. It is claimed that the section is unconstitutional, for the reason, I suppose, that it increases the burden of assessment to be borne by those who do not make such cessions. I do not think this claim can be supported.

Section 992 of the Charter as amended by Laws of 1910, c. 548, reads as follows:

"Any owner or owners of land and of all the estate therein embraced within the lines of any street laid down and shown on the map or plan of the city of New York, and extending from a side of said street to or beyond its center line, may, without compensation and before the appointment of the commissioners, convey all their right, title, and interest therein, providing the same shall be free from incumbrances inconsistent with the title to be acquired by the city, to the city of New York, and upon the delivery of such conveyances to the corporation counsel of said city with affidavits made by all such owners to the effect that the persons making them, are the owners of the estates in such lands so conveyed by them, respectively, and stating their interests, and that such estates in such lands are free of all incumbrances, except as aforesaid; it shall be the duty of such corporation counsel to examine such conveyances and papers, and if such title shall not be rejected for good cause, by such corporation counsel, he shall cause the said conveyances to be recorded in the office in which conveyances of real estate are recorded in the county in which such lands are located within sixty days after their delivery to him, and file them with the comptroller of such city, and thereupon the city of New York shall become vested with the title to said lands to the same effect and extent as if they had been acquired by a proceeding taken for the opening of

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

that portion of said street; after the making and acceptance of such conveyances, no proceeding to open the lands so conveyed shall be taken or maintained, nor shall the lands fronting on that portion of the streets so conveyed, and extending to the center of the block on either side of such portion of said street so conveyed, be chargeable with any portion of the expense of opening the residue or any portion of the residue of such street, except the due and fair proportion of the awards that may be made for buildings as aforesaid."

The foregoing amendment of the charter made in 1910, under the provisions of which property owners are given the right of cession of the property required by the city for the improvement, was designed to save unnecessary cost to the property owner, and in furtherance of that policy the law should not be strained to prevent or impede the voluntary cession of such property.

The cession under this provision of portions of the property sought to be acquired serves to reduce not only the aggregate amount of the awards, but also the total of the expenses. This reduction in the amount of the awards may not, it is true, reduce the assessments in blocks in which no property is ceded, if the block by block method of assessment be followed; but it is apparent that the individual assessments to raise the aggregate amount awarded would not be increased by the exemption of ceded property, whatever method of assessment is adopted. The reduction in the expenses, however, will benefit all property owners within the area of assessment. While it cannot be said, perhaps, that the assessments for expenses in case of cessions of part of the lands will be exactly the same as they would have been had no such cessions been made, I think the powers of taxation residing in the Legislature are ample to cover the provision here under consideration, and I therefore hold that section 992 is not violative of any constitutional right of the objectants.

[2] Objection is also made that the assessments on benefit parcels 81, 85, and 99 exceed one-half of the value of the respective parcels assessed in violation of section 980 of the charter, and the court is asked, among other things, to refer the report back to the commissioner of assessment with directions to report the date as of which he fixed the value of these parcels for the purpose of assessment.

Under the cases of Matter of City of New York, Avenue D, 192 N. Y. 575, 84 N. Y. Supp. 956, and Matter of City of New York, Thayer Street, 138 App. Div. 252, 122 N. Y. Supp. 952, I think this should be done. The former case suggested that such was the proper practice in cases involving the question whether an assessment exceeds one-half the value of the property assessed, and in the latter case the rule was actually applied, with the result that the assessment was eventually confirmed. 142 App. Div. 721, 127 N. Y. Supp. 396.

[3] It is the province of the commissioner of assessment to take into account the enhancement of value resulting from the improvement (Matter of the City of New York, Avenue D, 122 App. Div. 416, 106 N. Y. Supp. 889, affirmed 192 N. Y. 575, 84 N. E. 956); but, where it appears that the assessment exceeds one-half the value of the premises as valued by the commissioners of estimate, it is proper to ascertain whether he has done so.

None of the other objections seems to require special consideration.

Report of commissioners of estimate confirmed. Report of commissioner of assessment returned to him, with directions to report the date as of which he determined the value of benefit parcels 81, 85, and 99, and whether in estimating such value he took into consideration the enhancement in value thereof by reason of the improvement in question.