---

### In re WEST 168TH ST. IN CITY OF NEW YORK.

(Supreme Court, Special Term, New York County. June, 1914.)

MUNICIPAL CORPORATIONS (§ 459*)—ASSESSMENT—DETERMINATION OF AMOUNT.
    Under Greater New York Charter (Laws 1901, c. 466) § 980, providing that the commissioner of assessment shall in no case assess any property for a municipal improvement for more than one-half its value as found by him, he may, in valuing the property, take into consideration the enhancement in value as of the date of the report, and assess not exceeding one-half such value.

    [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1101; Dec. Dig. § 459.*]

In the matter of acquiring title to West 168th Street. Reports of commissioners of estimate and of commissioner of assessment confirmed on motion.

Frank L. Polk, Corp. Counsel, of New York City (Joel J. Squier and Charles A. Molloy, both of New York City, of counsel), for the motion.

Thomas C. Blake, of New York City, for benefit parcels 18, 19, and 20, opposed.

Truman H. & George E. Baldwin, of New York City, for damage parcels owners.

GIEGERICH, J. There is no objection to the awards, but there is an objection to the assessment levied on benefit parcels 18, 19, and 20. The objection is made on the ground that the assessment is in excess

of one-half of the value of the property assessed. The report of the commissioner of assessment states:

"I have valued each parcel of property assessed by me as of the date of this my report, and in making this valuation have taken in consideration the enhancement in value of such property by reason of this improvement, and that in no case does the assessment for benefit exceed one-half of the value of the property assessed as valued by me."

Section 980 of the Greater New York Charter, among other things, provides:

"The said commissioner of assessment shall in no case assess any house, lot, improved or unimproved lands, more than one-half the value of such house, lot, improved or unimproved land, as valued by him."

It has been held in cases arising under these provisions that in valuing land for assessment for benefits received on a street opening the commissioner of assessment may take into consideration the enhanced value of the property by reason of the improvement, but cannot assess at a greater value than one-half of such value. Matter of City of N. Y., Avenue D, 122 App. Div. 416, 418, 106 N. Y. Supp. 889; Matter of City of N. Y., Thayer Street, 142 App. Div. 721, 127 N. Y. Supp. 396. In the proceeding last cited the title to the streets had not vested in the city of New York at the time the commissioner of assessment levied his assessment, and upon an appeal from an order confirming the report of the commissioners of estimate and the report of the commissioner of assessment the Appellate Division directed that the report of the latter should be sent back to him, so that the court might be advised of the date taken by him for his determination of the value of the property assessed. 138 App. Div. 252, 255, 122 N. Y. Supp. 952. In compliance with such instructions the commissioner of assessment reported that he valued each piece of property assessed by him as of the date of the report, and that in making such valuation he took into consideration the enhancement in value of such property by reason of the improvement, and that in no case did the assessment for benefit exceed one-half the value of the property as valued by him. When this amended report was submitted to the Appellate Division, it was confirmed. 142 App. Div. 721, 127 N. Y. Supp. 396.

The commissioner of assessment did not, therefore, violate the above-cited provisions of the charter, and hence the objections to the assessments should be overruled, and the report confirmed.