## In re COTTON STREET IN BOROUGH OF RICHMOND.

(Supreme Court, Special Term, Kings County.   December 14, 1914.)

1. MUNICIPAL CORPORATIONS (§ 503*)—ACQUIRING TITLE TO STREET—OBJECTIONS TO ASSESSMENT.

Objections to an assessment by the commissioner of assessments on the opening of a street cannot be considered by the court on a motion for a confirmation of the commissioner's final report, unless presented to the commissioner of assessment on the filing of his preliminary abstract of report, as required by Greater New York Charter (Laws 1901, c. 466) § 981.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1175; Dec. Dig. § 503.*]

2. MUNICIPAL CORPORATIONS (§ 495*)—SPECIAL ASSESSMENTS—BOARD OF ASSESSMENT AND APPORTIONMENT—DISCRETION.

The determination of the area of an assessment made by the board of estimate and apportionment is an exercise of discretionary power conferred by the Legislature, and will not be reviewed by the courts on a motion for confirmation, but only in a direct proceeding against the board.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1166; Dec. Dig. § 495.*]

3. MUNICIPAL CORPORATIONS (§ 497*)—SPECIAL ASSESSMENTS—REVIEW.

The court, on motion to confirm the report of the commissioner of assessments levying a special assessment for a public improvement, will not interfere with the report unless it appears on the face thereof that there has been manifest error, or that the commissioner has fixed an amount which, as compared with that imposed on other property, is clearly excessive.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1167, 1168; Dec. Dig. § 497.*]

In the matter of proceedings to acquire title to Cotton street, from Arrietta Street to Griffin Street, in the Borough of Richmond.   Motion to confirm report of commissioners of estimate and apportionment, to which the American Dock Company filed objections.   Overruled, and report confirmed.

Frank L. Polk, Corp. Counsel, of New York City, for the motion.
Beekman, Menken & Griscom, of New York City, opposed.

BENEDICT, J.   [1] I assume, although the papers presented do not clearly show it, that the objections which are now offered by the American Dock Company to the confirmation of the report of the commissioner of assessment were presented to the commissioner upon the filing of his preliminary abstract of report, as required by section 981 of the Charter, as otherwise they may not be considered by the court upon a motion for confirmation of the final report.

[2] Consideration of the grounds of objection leads me to the conclusion that the report ought to be confirmed.   The area of assessment was determined by the board of estimate and apportionment, and it is settled law that in doing so the board performs a discretionary power conferred upon it by the Legislature, which the court will not undertake to review upon a motion for confirmation, but only in some direct proceeding against the board.   In the present instance, moreover, the objector had a special hearing before the board and urged upon

---

it an increase in the area of the proposed assessment, which the board, after examination of all the questions involved unanimously declined to do. This occurred on or about January 19, 1912. Thereafter the commissioners of estimate and assessment filed their reports; that of the commissioners of estimate was presented to this court, and on December 26, 1913 it was confirmed, and the assessments were returned to the commissioner of assessments to await the action of the board of estimate and apportionment upon a further application to extend the area of assessment. On December 24, 1913, the board did increase the area of assessment, and the commissioner revised his assessment according to the new area, and it is this amended final report which is now here for confirmation.

[3] The rule is well settled that this court will not interfere with the report of the commissioner of assessment with respect to the amount assessed for benefit against property, unless it appear upon the face of the report that there is manifest error, or that the commissioner has fixed an amount which, as compared with that imposed upon the other property, was clearly excessive. As was said by Justice O'Brien in Matter of Mayor, 85 App. Div. 347, at page 351, 83 N. Y. Supp. 433, 435:

"It must be remembered that in determining the amount to be awarded or assessed the commissioners have this advantage over the court, in that it is their duty to view the premises, and such duty, it appears in this instance, they performed. It would seem to follow, therefore, that for purposes of comparison as to the relative value of the different parcels involved the commissioners were in a much better position to make them than could the court [be?] from a mere inspection of the report. The appellant correctly states the rule established by the cases, that authority was given by the Legislature to the commissioners to determine the awards to be made and the damages to be assessed in these proceedings, and unless it is shown that there is an abuse of discretion, or that they were palpably wrong, or that there is manifest error, the court should not interfere. Matter of Brook Ave., 8 App. Div. 296 [40 N. Y. Supp. 949]; Matter of Eager, 46 N. Y. 100; Matter of Cruger, 84 N. Y. 619. The fact that the assessment may seem to be excessive is by no means conclusive, in the absence of proof directed to establishing it. In the absence, therefore, of evidence to support the claim * * * that the assessment on this parcel was excessive—and for this purpose we do not think that a comparison with other parcels not shown to have been similarly situated is sufficient—we do not think that the court was justified in interfering with the conclusion reached by the commissioners, who viewed the property and who, so far as their report shows, have not exceeded their discretion or committed manifest error."

Applying the rule just stated to the present case, I cannot subscribe to the statement in the brief of the learned counsel for the objecting party that "as between the various property owners the benefits are markedly, disproportionately, and unjustly assessed in the report." The various parcels assessed are of greatly differing dimensions, conditions, and state of improvement, situation and value, and the commissioner has apparently laid the assessments upon each after consideration of the benefit to each to be expected from the improvement. In some instances this has led to a much lower assessment per square foot of area than that imposed upon the objector's property; in others, the result is an assessment very greatly in excess of that laid upon that property. I fail to see how the result could have been otherwise, in view of the

wholly different conditions surrounding the different parcels; nor do I think that this objector can fairly complain of an assessment at a higher ratio than his own, when the owner subject thereto does not object. It is true that the objector's total assessment amounts to a considerable sum; but that is because it owns a large and valuable tract of land within the area of assessment, the value of which may very well have been regarded as greatly enhanced by reason of the improvement. Matter of City of New York (Thayer Street), 142 App. Div. 721, 127 N. Y. Supp. 396; Matter of City of New York (Avenue D), 122 App. Div. 416, 106 N. Y. Supp. 889, affi'd 192 N. Y. 575, 84 N. E. 956.

If the objector's property be considered as divided into city lots, the assessment levied on the tract would amount to about $27 a lot, not a very heavy charge when it is understood that the improvement was, according to the papers, advocated and urged upon the city by the objector for its own business advantage. The argument of inequality between the assessment of the objector's property and that of the New York Terminal & Transit Company, each comprising both upland and land under water in different proportions, is fully met and answered by the difference in the character and situation of the two properties as pointed out in the brief of the corporation counsel.

The other grounds of objection stated do not require discussion.

The report is confirmed.