(169 App. Div. 564)

## In re PUGSLEY AVE. IN CITY OF NEW YORK.    (No. 7707.)

(Supreme Court, Appellate Division, First Department.    November 5, 1915.)

1. EMINENT DOMAIN ⊂⇒238—BENEFITS—RULE OF ASSESSMENT.

Assessment of benefits by commissioners in proceedings to open a street should not be disturbed, unless it clearly appears that they acted upon an erroneous principle, or that the assessments complained of are excessive or unjust.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 614, 619, 658–660, 666, 668, 669, 671, 673, 674, 687; Dec. Dig. ⊂⇒238.]

2. EMINENT DOMAIN ⊂⇒140—OPENING STREET—ASSESSMENT OF BENEFITS— REDUCTION BY DAMAGES TO BE AWARDED.

In a street opening proceeding, when it appeared that the city had by a prior proceeding acquired a sewer easement affecting respondents' lands, but that the award of damages to respondents had not been made it was not inequitable, as between respondents and other abutting owners on the part of the street where no sewer easement had been taken, to assess respondents' damages and benefits with reference to the land as diminished in value by the sewer easement, since it would be assumed that respondents would receive the award of damages to which they might be entitled.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 371; Dec. Dig. ⊂⇒140.]

Appeal from Special Term, New York County.

Proceeding by the City of New York for the opening of Pugsley Avenue. From so much of the order as sustains the objections of Georgie A. McDonald, as executrix, etc., and another, to the report of the commissioners of estimate and assessment, and returns such report for further consideration, the city appeals. Order reversed, and motion granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGH-LIN, CLARKE, and SCOTT, JJ.

John J. Kearney, of New York City, for appellant.
James F. Donnelly, of New York City, for respondent McDonald.
Benjamin Trapnell, of New York City, for respondent Brooke.

McLAUGHLIN, J.    This is a street opening proceeding. The report of the commissioners of estimate and assessment as to awards for damage was confirmed without objection, but that portion of it which imposed an assessment for benefits, upon the objections of the respondents Brooke and McDonald, was not confirmed, and the report was returned for further consideration. It is from this portion of the order that the city appeals.

The object of the proceeding, in so far as it is involved in the present appeal, was the acquisition by the city of title in fee to the bed of Pugsley avenue, laid out as a street 80 feet wide, extending from McGraw avenue on the north, to Clason's Point road on the south, a distance of about 2 miles. At the northerly end, Pugsley avenue was apparently open and in use as a street, although not to the full width of 80 feet. For the rest of its length it extended through un- developed acreage property over which the city had, in a prior pro-

ceeding, acquired a sewer easement over a strip 60 feet wide in the middle of the street as far south as Lacombe avenue. The property of the respondent Brooke, and a considerable portion of the adjoining property of the respondent McDonald, was north of Lacombe avenue, extending along both sides of the strip in which the sewer easement had been acquired.

In making the assessments for benefit the commissioner apparently assessed all the property within the area of assessment, except that at the northern end, bordering on the old street, at the rate of $84.40 per front lot. The respondents filed objections, claiming that the assessments against them were unjust, excessive, and inequitable. It is not claimed that the existence of the sewer easement over a portion of the street made its opening less valuable to adjoining property. It seems to be conceded that the property of the respondents was undeveloped land of the same character as the rest of the property.

[1] After a careful consideration of the record, I am unable to find any valid reason why the report of the commissioner of assessment should not have been confirmed. It has been uniformly held that assessments made by commissioners in proceedings of this character should not be disturbed, unless it clearly appears that they acted upon an erroneous principle, or that the assessments complained of were excessive, or otherwise than just. Matter of Mayor (East 176th St.) 85 App. Div. 347, 83 N. Y. Supp. 433; Matter of City of New York (West 157th St.) 150 App. Div. 131, 134 N. Y. Supp. 1074; Matter of City of New York (225th St.) 150 App. Div. 223, 134 N. Y. Supp. 926. It seems to me that the rule adopted by the commissioner in making the assessment was correct, and if he had attempted to discriminate between the property of the respondents and similar property of other owners affected, the assessments would have been unjust.

[2] The real objections of the respondents, which were sustained by the court at Special Term, are based upon a comparison between the assessments for benefit and the awards for damage which were confirmed without opposition. In awarding damages, the commissioners found that the fee value of the parcels subject to the sewer easement had thereby been diminished 90 per cent., and they accordingly awarded as damages in this proceeding only 10 per cent. of the fee value of such parcels. The result is that property owners south of Lacombe avenue, where the sewer easement stopped, received awards for the full fee value of the 80-foot strip taken for the street, while the property owners north of Lacombe avenue, whose property was subject to the sewer easement, were awarded the full fee value of only the 10-foot strip on each side of the sewer easement, and only 10 per cent. of the full fee value of the 60-foot strip, subject to the easement. The awards to these owners, among them the respondents, were consequently much smaller than to the property owners south of Lacombe avenue, while they were assessed for benefit at the same rate.

In the case of the respondents, the assessments for benefit are considerably in excess of the damages awarded, while the awards to the owners south of Lacombe avenue in general exceed the assessments. But the situation in which the respondents find themselves is the result, not of any discrimination against them, but of the acquisition by

the city of the sewer easement in a separate proceeding previously instituted. It is conceded in the present proceeding that the value of this sewer easement was 90 per cent. of the fee value of the property—that is, of the 60-foot strip; and if the owners had actually received that amount in the prior proceeding for the acquisition of the sewer easement, I do not understand any objections would or could be made to the assessments in the present proceeding. The real grievance of the respondents is, as appears from the affidavits submitted on the motion for a reargument to confirm the report, that the awards in the prior proceeding have not yet been made. It is very doubtful whether the affidavits referred to may properly be considered by the court upon this appeal; but, if so, they would not, in any event, affect the determination arrived at. When the present proceeding was instituted, the property of those respondents was subject to the sewer easement. The commissioners and the court are bound to assume that the easement had not been imposed upon their property without just compensation, and the awards and assessments made in the present proceeding must necessarily be made upon that theory. Assuming that the respondents have received, or will receive, the awards for the sewer easement to which the evidence in the present proceeding indicates they are entitled, there is no basis for disturbing the awards and assessments herein made.

The acquisition by the city of the sewer easement and of the fee of the street by separate proceedings is to be regretted. Both could have been acquired in one proceeding, and additional expense thereby obviated. The rights of the respondents would, in that case, have been fully protected, while under the present situation they may be seriously prejudiced, if the awards and assessments are not made upon the same basis in both proceedings. But that possibility should not prevent the determination of the present proceeding upon its merits, and, if necessary, the respondents should seek relief in the other proceeding. The fact that they may be assessed for benefits in this proceeding before the awards are made in the other is an unfortunate result of the action of the city in instituting two proceedings, instead of one.

It seems to me clear, however, that in making the assessments for benefit in this proceeding, the commissioner proceeded according to law, and any diminution in the assessments against the respondents, upon the theory that they have not or will not receive full compensation for the sewer easement, would be wholly unwarranted discrimination against the owners of similar property, not subject to the sewer easement.

That portion of the order appealed from, therefore, is reversed, with $10 costs and disbursements, and the motion to confirm the report of the commissioner of assessment granted, with $10 costs. Order filed. All concur.