## In re WEST 157TH ST. IN CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. April 4, 1912.)

1. MUNICIPAL CORPORATIONS (§ 439*)—CITY IMPROVEMENTS—ASSESSMENT OF BENEFITS.

Where a triangular piece of ground wholly within an extension of the lines of a street was taken from one in street opening proceedings, leaving him a rectangular piece fronting on the street as opened, where before he had at most merely the diagonal frontage given by the two street sides of the triangle, the commissioner of assessment could charge him with benefits as arising from the new frontage.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1053; Dec. Dig. § 439.*]

2. MUNICIPAL CORPORATIONS (§ 497*)—STREET IMPROVEMENTS—ASSESSMENT OF BENEFITS—REVIEW.

The court could not properly interfere with the assessments made by the commissioner of assessment, under authority of Greater New York Charter (Laws 1901, c. 466) § 980, of benefits from street opening improvements, where the record did not show the assessments to have been made on an erroneous principle or to be excessive; the commissioner who viewed the premises being in a better position to determine the benefits than was the court on the record.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1167, 1168; Dec. Dig. § 497.*]

Appeal from Special Term, New York County.

Application of the City of New York to acquire land for street opening improvements. From an order confirming the report of the commissioners of estimate, and denying a motion of the city for confirmation of the report of assessment of benefit, and referring assessment back to the commissioners of estimate, the City appeals. Reversed.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

John J. Kearney (Joel J. Squier, on the brief), for appellant.
Edward W. Murphy (Francis P. O'Connor, on the brief), for respondent.

LAUGHLIN, J. The notice of appeal is from the order confirming the report of the commissioners of estimate, and denying a motion to confirm the report of the commissioner of assessment; but it is stated in the appellant's brief that the appeal is only from that part of the order refusing to confirm the report of the commissioner of assessment with respect to benefits, and the only questions argued relate to the latter report.

The proceeding was brought for the purpose of acquiring a single triangular parcel of land owned by the respondent at the northerly junction of Broadway and Audubon Place, and lying immediately to the south of the northerly line of West 157th street continued, and lying wholly within the lines of West 157th street, if the northerly line thereof were so continued. Before this triangular parcel was acquired by this proceeding, it afforded the owner a frontage of 49.47

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

feet on Audubon Place, and 70.03 feet on Broadway; but it afforded no frontage on West 157th street. With this parcel appropriated for West 157th street, it gives the owner's remaining lands a frontage of 32.81 feet on West 157th street and less frontage on the other two streets. The commissioners awarded for the parcel taken, which contained 607.5 square feet, the sum of $9,720. The area of assessment for benefits is not reviewable, nor is it sought to review it, in this proceeding. That area is a rectangle, and it embraces the lands upon either side of West 157th street extending back 99.92 feet, and upon the easterly side of Broadway extending back 100 feet, and the remaining lands of the respondent on the northerly side of 157th street, bounded by Broadway and Audubon Place and the northerly line of the area of benefits, and two other parcels on the westerly side of Audubon Place, bounded by Audubon Place, 157th street, and the exterior lines of the area of benefits. The remaining lands of the respondent within the area of benefits are assessed as two parcels, known as benefit parcels Nos. 4 and 5. No. 4, which has or is to have a frontage on West 157th street of 32.81 feet, and extends back on the westerly line of Broadway 99.92 feet, and is bounded on the north from Broadway westerly 100 feet by the northerly line of the area of benefits, and on the west by a line running parallel with Broadway for a distance of 24.12 feet, and then by the northeasterly line of Audubon Place for the distance of 101.32 feet, is assessed $7,-578.54; and No. 5, which is a triangular parcel lying between No. 4 and Audubon Place, and bounded on the north by the northerly line of the area of benefit, is assessed $100.17.

The respondent contends that these assessments are excessive, and he relies solely in support of his contention upon the location and area of the lands assessed, a comparison between the amounts assessed on his lands and on the other parcels, upon an inspection of the map, upon a stipulation to the effect that he acquired the parcel taken after he had acquired and improved the other two parcels which are assessed, and that the improvements on his remaining parcels are not adequate, and that it would be more profitable to him if part of the parcel taken herein could be utilized by him in permanently improving his remaining property, on account of the additional floor space that might be thus afforded. The court declared the assessments on the lands of the respondent excessive, and remitted the matter to the commissioner to revise them.

[1, 2] It is a reasonable inference that the lands of the respondent, on account of having this new frontage on the northerly side of West 157th street, will be benefited by the improvement. It is contended by the learned counsel for the respondent that, since the apex of the triangular parcel acquired by this proceeding was in West 157th street, his client had, in fact, a frontage on West 157th street greater than that which he now has. If it could be said that his lands had any frontages on that street, they were, at most, diagonal frontages, and they were on a separate parcel, the title to which was acquired separately and subsequent to the time respondent acquired title to the other parcels. His remaining parcel 4, upon which the principal assessment is levied, had no frontage, diagonal or otherwise,

on 157th street, and was cut off therefrom by the separate parcel which has been acquired by the city. The stipulation to the effect that it would be profitable to the respondent, if, in improving his remaining lands, he could utilize in connection therewith part of the parcel taken, is of no importance. Presumably he has been liberally compensated for the parcel which the city has acquired, and no question with respect to the adequacy or excessiveness of the award is presented for review. The commissioner of assessment found respondent's remaining parcel 4, no part of which was taken, with a new frontage on 157th street, and it was therefore presumably very materially benefited by the improvement.

Manifestly the commissioner of assessment was in a better position than is the court on this record to determine the relative benefit to the respective parcels within the area of assessment; for he viewed the premises and was in a position to determine by personal observation the probable effect of the improvement in increasing the value of the respective parcels of land. He determined that the parcel of land diagonally across from the improvement and at the southeasterly intersection of Broadway and West 157th street was benefited $250.31, that the premises directly opposite the improvement, and at the northeasterly corner of Broadway and West 157th street, having a frontage of 75 feet on the latter street, were benefited $277.87, that the lot next easterly thereof, having a frontage of 25 feet on West 157th street, was benefited to the extent of $22.50, that the parcel directly opposite the improvement, on the west and across Audubon Place, was benefited to the extent of $1,201, and that the parcel diagonally opposite the improvement, and on the southerly line of West 157th street and easterly side of Audubon Place, was benefited to the extent of $1,551.79. There is no basis shown by the record upon which we can say that the commissioner adopted an erroneous principle, or that the assessment on either of the respondent's parcels is manifestly excessive, and therefore the assessments must remain as made by the commissioner of assessment, pursuant to the authority conferred upon him by section 990 of the Greater New York Charter. See Matter of the Mayor, East 176th Street, 85 App. Div. 347, 83 N. Y. Supp. 433; Matter of the City of New York, Clinton Avenue, 106 App. Div. 31, 94 N. Y. Supp. 146; Matter of the City of New York, Spofford Avenue, 126 App. Div. 740, 111 N. Y. Supp. 334.

It follows, therefore, that the order should be reversed, with $10 costs and disbursements, and the objections to the report of assessments overruled, and the report confirmed. All concur.