In re WEST 163d STREET IN CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. June 28, 1912.)

1. MUNICIPAL CORPORATIONS (§ 466*)—ASSESSMENT OF BENEFITS FOR STREET OPENING—OBLIGATION OF COMMISSIONER OF ASSESSMENT.

The commissioner of assessment for benefits for the opening of a street, though under Greater New York Charter (Laws 1901, c. 466) § 973, as amended by Laws 1910, c. 336, § 2, one of the commissioners making the awards for the land taken for the street, acts independently of the commissioners, and he must apportion the awards among the parcels in proportion to the benefits, and an assessment on the remaining land of one whose land has been taken for the street must be the same as if none of his land had been taken.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1109; Dec. Dig. § 466.*]

2. MUNICIPAL CORPORATIONS (§ 508*)—ASSESSMENT FOR BENEFITS FOR STREET OPENING—REVIEW.

Where the commissioner of assessment for benefits for opening a street found that the remaining land of one whose land was taken for the street has a new frontage on the street, so that each of his remaining lots is benefited by the improvement, the court, on appeal from the refusal to confirm his report, cannot determine that the lots were not benefited by the amount for which they were assessed, or that the commissioner proceeded on a wrong rule; the record merely presenting the assessments.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1181, 1182; Dec. Dig. § 508.*]

Appeal from Special Term, New York County.

Proceedings by the City of New York to acquire title to West 163d Street, between Amsterdam Avenue and St. Nicholas Avenue, in the Twelfth Ward, Borough of Manhattan. From an order refusing to confirm the report of the commissioner of assessment, and re-

turning the report to him for revision and correction, the City appeals. Reversed, and motion to confirm granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

John J. Kearney, of New York City (Joel J. Squier and George E. Draper, both of New York City, on the brief), for appellant.

James A. Deering, of New York City, for respondents.

LAUGHLIN, J. On the 8th day of March, 1907, West 163d street had been acquired for and was in use as a public street, both easterly and westerly of a triangular block of land bounded on the north by West 164th street, on the east by Amsterdam avenue, and on the west by St. Nicholas avenue, and with its apex just north of West 162d street; and on that day the board of estimate and apportionment duly determined to acquire the lands necessary to continue 163d street through this triangular block, and determined the area for assessment of benefit, and instructed the corporation counsel to take the necessary proceedings by applying for the appointment of commissioners of estimate and a commissioner of assessment. The three commissioners of estimate duly determined the amounts to be awarded to the owners of the two parcels taken, and their report was duly confirmed, and no appeal has been taken therefrom. The respondents owned that part of said triangular block of land lying southerly of the middle line of West 163d street continued through the block, and were duly awarded for the northerly 25 feet thereof acquired herein, and have acquiesced therein. The area of assessment for benefit embraced the land bounded by lines about 100 feet northerly and southerly of West 163d street, and on the east by a line 100 feet east of Edgecombe avenue, and on the west by a line 100 feet west of Broadway. The remaining lands of the respondents which were within the area of assessment for benefit appear to have been subdivided into four lots, extending easterly and westerly between St. Nicholas and Amsterdam avenues. They were separately assessed, but in the aggregate the amount of the assessments thereon is $18,577.35.

[1] The theory upon which the court has refused to confirm the report, and has returned it to the commissioner of assessment, is that, considering the award made to the respondents, the assessments were excessive. As we had occasion to point out in the Matter of West 157th street, 134 N. Y. Supp. 1074 (decided April 4, 1912), the commissioner who makes the assessment for benefit acts separately and wholly independent of the commissioners in making the awards. The commissioner of assessment enters upon his duties with the awards made and the total amount to be assessed upon the prescribed area conclusively fixed and determined. The duty devolves upon him of determining the amount of benefit to every parcel of land within the area of assessment for benefit, and assessing it therefor, or, in other words, of apportioning the total amount among the parcels in proportion to the benefits received. Although under the law as it now exists in the city of Greater New York the commissioner of assessment is one

136 N.Y.S.—20

of the three commissioners who make the awards (section 973, Greater New York Charter, as amended by section 2, c. 336, Laws 1910), yet that is quite immaterial; for he is required to act as a commissioner to assess the benefit as if he had taken no part in making the awards, or as if the awards had been made by other commissioners. The assessment on the remaining lands of the respondent should be the same as if none of their lands were taken in the proceeding.

[2] The commissioner of assessment found that the respondents' remaining lands have a new frontage on West 163d street of about 128 feet. It is manifest that each of the remaining lots of the respondents' lands is benefited to some extent by the improvement, and it cannot be said on the record before the court, which merely presents the assessments, that they were not benefited by the amount for which they have been assessed, or that the commissioner proceeded on a rule wrong in law. The observations made in our opinion in the Matter of West 157th Street, supra, on this subject, are applicable here, and render further discussion unnecessary.

It follows that the order should be reversed, with costs, and the motion to confirm the report of the commissioner of assessment granted, with costs. All concur.